Sewall, J.,
delivered the opinion of the Court.
The demandant’s husband, Benjamin Bird, in his lifetime pur chased the premises, of which dower is demanded from John Moies. They were then encumbered with a mortgage, which Moies had made to John Hawes, and which he had assigned to Gardner, the tenant. After Bird became the owner, subject to that mortgage, he conveyed the same premises in mortgage to the tenant. The first mortgage remains unpaid; and the tenant has therefore the legal title, as it was conveyed by Moies before Bird had any interest in the premises. It is upon the strength of that title, by Hawes’s assignment vested in the tenant, that he is enabled to resist the demand of dower.
The title of Bird, the demandant’s husband, was a seisin during the coverture, whereof she was entitled to dower against all othei persons than Moies’s mortgagee and his assigns. ' But against them, until the redemption of the mortgage, * the [ * 366 ] demandant’s husband had nothing but an equity of re *364 demption — no seisin of any estate of which his wife was dowable. The tenant, therefore, as assignee of the mortgage before the demandant’s husband had any thing in the premises, must prevail upon this title. It is well settled that a wife is not dowable of an equity of redemption; and, as a purchaser of the premises, subject' to Moies’s mortgage, Bird had only an equity of redemption.
The demandant’s right of dower might be maintained against the, second mortgage, that which her husband in his lifetime made to the tenant, if his title under the first mortgage were removed; and it may be, that in a court of chancery, having a general jurisdiction in matters of equity, the demandant might have relief, and her demand of dower might be enforced by some specific remedy to compel the representative of the mortgagor to redeem. (3) But whether this can be done in this Court, with the very limited jurisdiction indulged to it which has any resemblance to the powers of a court of chancery, is at least questionable.
If there is any remedy in this jurisdiction, it must be in the form of a bill in equity; which, it may be, the demandant and the repiesentatives of Benjamin Bird are competent to maintain for the redemption of the first mortgage. The representatives of Bird are competent to redeem the two mortgages; and the claim of dower by the widow might be adjusted by some equitable arrangement, that would do justice between her and the creditors, or heirs at law of the husband. But she has, at present, no remedy at law against the demandant. (a)

Demandant nonsuit

ADDITIONAL NOTE.
[See Van Duyne vs. Thayre, 14 Wend. 233. —19 Wend. 162.— Cooper vs. Whitney, 3 Hill, 95. — Carll vs. Butman, 7 Greenl. 102. — Smith vs. Eustis, 7 Greenl. 41. — Cass vs. Martin, 6 N. H. 25. — Reed vs. Shepley, 6 Verm 602.
Stille vs. Carroll, 12 Pet. 201. — Kirby vs. Dalton, 1 Dev. Eg. 195. — M’Arthur vs. Porter, 1 Ohio, 102.— Smiley vs. Wright, 2 Ohio, 507.
A testator devised his real estate, which he had mortgaged, to his son, who died, leaving a widow, and the executor sold the equity of redemption,purchased it him self, and redeemed the mortgage, paying one half of it with assets in his hands as executor, as directed in the will, and the other half with his own money. The heirs and widow of the son elected to affirm the sale. Held, the widow was entitled, on account of her right of dower, to the interest during her life on one third of the sum for which the equity was sold, and on one third of the amount paid out of the testator’s estate towards extinguishing the mortgage. — Jennison vs. Hapgood, 14 Pick. 345.
A party seised of a remainder expectant upon a life estate mortgaged in fee and died. The widow brings an action for dower against the mortgagee. Held, the defendant was estopped to deny the husband’s seisin. — Nason vs. Allen, 6 Greenl. 243.
A, upon receiving a conveyance of land from B, mortgaged it back to secure notes
*365 given for the price. B sold and delivered the notes and mortgage to C, who, some years afterwards, the mortgage never having been recorded or transferred in writing delivered the securities to A, taking a note and mortgage to himself for the balance then due, in which mortgage the wife of A did not join. Held, upon A’s death, she was entitled to dower in the land. — Hobbs vs. Harvey, 4 Shepl. 80. — F. H.]

 1 Ch. Rep. 186. — Hard. 469, 512.

 [See note to Sheaf vs. O’Neil, 9 Mass. Rep. p. 13. — Ed.]