Mr. Chief Justice Shamcey
delivered the opinion of the court.
There are three questions presented in this case for the consideration of the court; first, Is the marriage contract a bar to the widow’s dower? Secondly, If she is entitled to dower, what is the extent to which she is to be endowed? and, thirdly, is she entitled to dower in the mortgaged tract of land?
1. The contract is so vague and defective that it may well be questioned, whether it can have any force whatever. The only thing that can be distinctly gathered from it is, that the parties *695 had agreed to marry, but in regard to the property no disposition- or settlement was made, further than the expression of a desire to enjoy it together during life, and at death to dispose of it as they might think proper. There are no technical terms of conveyance or settlement used, nor do the words, according to the Common acceptation, convey to the mind any distinct idea of a Contract. If it amounts to any thing, a reservation to dispose of the property at death is the utmost extent to which the contract can be carried, and as no such disposition was made, the property must be subject to the course prescribed by law. If, however, the argument would bear a different interpretation, we are still relieved from any doubt as to the decision by the aspect of the case. It does not appear, either from the petition, answer, or proof, whether the property in which she claims dower was owned by the. husband at the time of the marriage, or acquired afterwards, or whether it is the joint property of both, and consequently there can be no just ground for refusing her claim, for certainly it cannot be pretended, with any degree of plausibility, that the instrument set up is a jointure, and as such a bar to the right of dower. It lacks every essential requisite of a jointure.
2. The next inquiry, is as to the extent of the claimant’s right of dower. It appears by the record that there were ho children, the issue of the marriage, but that the intestate had several children by a former wife, and it is still contended that the widow is entitled to one half of the real estate for life, .and one half of the personal estate absolutely, because there were no children the issue of the marriage. The statute will not bear such a construction. With regard to the rights of distributees it is general in terms, making no distinction between children, but places them all on the same footing, whether the issue of the same or different marriages. By the 50th section of the orphans’ court law it is declared, that if any person die seised of an estate of inheritance, it shall descend to his or her, children and their descendants, in equal parts, and by the 52d section, personal property descends in the same manner; and in both these sections there is a saving of the widow’s dower, without providing what that dowér shall be. There is certainly no ground in either of these sections for *696 making any distinction between children, for the terms used necessarily embrace all the children a person might have at the time of the death. The same terms are used in the act in relation to dower, and the extent of the widow’s dower is made to depend on the number of children left by the intestate without any term to indicate that they should be the issue of a particular marriage. By the ordinary rules of construction, there is nothing to justify a belief that the Legislature could have intended to regulate a widow’s dower with reference to the number of her own children, regardless of children by a different marriage. Such a construction would necessarily give the law an unequal operation.
The 3d and only remaining point is as to her right to dower in the mortgaged tract of land. It is averred in the answer and not denied, that at the time the intestate received a deed to the land, he executed a mortgage to the vendor to secure the purchase money, and the deed and mortgage being set out in the bill of exceptions, sustain the averment. They both bear date on the same day, are between the same parties, for the same consideration expressed, and the land is described in the mortgage by reference to the deed. There is abundant authority to show that they are to be considered as parts of the same transaction, being dated on the same day, and that as such the seisin of the husband is not sufficient to entitle the wife to dower. Holbrook v. Finney, 4 Mass. Rep. 566; 14 Ibid. 351; Stow v. Tift, 15 Johns. Rep. 458. However well this principle may be established by authority, it cannot be applied to the case before us. In the cases cited, the applications for dower were made against the mortgagee or those claiming in right of the mortgage, and in this case the administrator, who is also an heir in right of his Avife, has become the respondent to the petition. The rule seems to be equally well settled, that such an objection is not available to those claiming under the mortgagor, in which situation is the respondent. The Avant of a sufficient seisin of the husband is held to be the reason why the Avife is not entitled to doAver as against the mortgagee, seisin, either in laAv or in fact, being essential to the right of the dower; but this rule prevails only as *697 against the mortgagee or his representatives. As regards all other persons, the law seems to be now well settled, that the mortgagor is deemed to be seised notwithstanding the mortgage, and before foreclosure or entry, is considered the owner of the land. Hitchcock v. Harrington, 6 Johns. Rep. 290; Collins v. Torry, 7 Johns. Rep. 278. The mortgagor being thus considered as seised, the inevitable result is that the widow must be entitled to dower, although the husband had but the equity of redemption. We are not informed whether the mortgage is still outstanding or not, nor is it material as regards the defendant; it does not lie with him to object to the seisure and title of his intestate, and the mortgagee or his assigns may protect his interest when it becomes necessary. ■ In addition to the authorities cited the same principle is recognised in the case of Bird v. Gardner, 10 Mass. Rep. 364.
It is a point rather conceded than regularly proved, that the intestate had several children by a former marriage, and so I have considered it, without deeming it very material, as the case must necessarily be remanded. Applications for dower are made in a summary way, before the orphans’ court, where great technical precision is not to be expected, either in the proceedings or trial, and having settled the principles which must govern in the allotment of the petitioner’s dower, ■
The judgment must be reversed and cause remanded.