20  111
85  380

JOHN WILKINS *versus* GEORGE S. FRENCH *&c. al.*

The mortgagor is seized of an estate of freehold, and while in possession may convey the mortgaged premises, or may bequeath them as and for dower, or they may be assigned by the judge of probate, and the dowress may enter under such assignment, and hold the same and redeem the mortgaged premises.

The widow, by virtue of such assignment, has the right in equity during her life, and the reversion remains in the heirs at law, and in such case, either may redeem.

If the heir at law or his assignee redeem, he may oust the widow, unless she should redeem by paying such sum as he may have paid for redemption, in which case she and her heirs would hold till the amount paid by her should be refunded.

A mortgage is a mere charge upon the land mortgaged, and whatever will give the money will carry the estate in the land along with it.

The mortgage being only security for the debt, the mortgagor has all the rights he ever had against all but the mortgagee.

THIS was an action of ejectment, submitted to the Court on an agreed statement of facts, which are substantially set forth in the opinion of the Court.

*Cutting*, for the plaintiffs. The wife in this case joining with her husband in the mortgage, and relinquishing her right to dower, the plaintiff purchasing the equity, holds the whole estate freed from the widow's claim to dower. *Popkin* v. *Bumstead*, 8 Mass. R. 491. She may bar herself of dower by her separate deed subsequent to, and in consideration of her husband's sale. *Fowler* v. *Shearer*, 7 Mass. R. 14. Mrs. French can claim no title to the premises in dispute, under

the proceedings of the probate court. She was not dowable in the premises, and the judge of probate had no jurisdiction, he having no authority to assign dower to a widow in premises mortgaged in fee by her husband. *Sheafe* v. *O'Neil*, 9 Mass. R. 9. In this case, he transcended still further his power by assigning not a third but the whole of the mortgaged premises.

By St. 1821, c. 4, § 1, it is enacted that when the heir or tenant of the *freehold*, shall not, within one month next after demand, assign, &c. The heirs were the tenants of the freehold, and the judge of probate could not compel them to do it. The husband did not die seized, and the widow had relinquished her right; she was not dowable by § 6, of the same act. The demanded premises were not such real estate as would authorize probate jurisdiction in the matter of dower under c. 51, § 32. The court of probate having no jurisdiction, all the proceedings are void. *Newhall* v. *Sadler*, 16 Mass. R. 122; *Hunt* v. *Hapgood*, 4 Mass. R. 117; *Smith* v. *Rice*, 11 Mass. R. 507; *Wales* v. *Willard*, 2 Mass. R. 120; *Sumner* v. *Parker*, 7 Mass. R. 79; *Cutts* v. *Haskins*, 9 Mass. R. 543; *Smith* v. *Bouchire*, 2 Str. 993; *Perkins* v. *Proctor*, 2 Wils. 382.

The case of *Smith* v. *Eustis*, 7 Greenl. 41, does not overrule that of *Sheafe* v. *O'Neil*, or give the probate court jurisdiction over mortgaged estates. Even if dowable, the widow was only dowable of one third of the right of redemption, but she could not take the whole premises in lieu of dower in other premises. *Gibson* v. *Crehore*, 5 Pick. 146.

*G. B. Moody*, for the defendants. If the assignment by the judge of probate was void, as against the heirs and the mortgagee, then the plaintiff cannot recover because, if void, the widow was a disseizor of the heirs of the mortgagor, claiming possession by a title independent of and adverse to them, in which case the purchaser of the equity acquired only a right of entry and in order to maintain a writ of entry, he must actually enter. *Poignard* v. *Smith*, 6 Pick. 176.

The main question is, whether the assignment of dower was utterly void as against the heirs of the mortgagor and all other persons. The only case cited in support of this proposition is *Sheafe* v. *O'Neil,* 9 Mass. R. 9. That was an appeal by the mortgagee from the decision of the court of probate, before which court the report of the commissioners had been contested. The opinion of the Court evidently implies, that the assignment would be valid in all cases, where it is not contested by the mortgagee ; but that there can be no effectual assignment against his *consent.* In the case at bar, the mortgagee has acquiesced for years in the assignment and in the possession of the widow under the assignment, and in her taking the rents and profits of the property assigned. The heirs of the mortgagor have acquiesced in the assignment, and the plaintiff claiming through them, can be in no better situation than they are. If they had wished, they could not successfully have interposed to prevent the assignment. The assignment was valid as against all but the mortgagee. This construction is that of the commissioners who digested, and of the legislature who adopted the Revised Statutes, as appears by c. 108, § 14, c. 95, § 15, Rev. St. ; *Smith* v. *Eustis,* 7 Greenl. 102 ; *Gibson* v. *Crehore,* 5 Pick. 146. Had the mortgage been removed, the heirs would have had a seizin in fact, and the assignment would be valid. The mortgagee having never entered, so far as the interest of the heirs is concerned, it is as if the mortgage was discharged, and the mortgagor seized of the premises. 4 Kent's Com. 45. If valid as against the heirs, the creditors cannot vacate it.

An assignment of dower may be made by the heirs ; and if the proceedings in this case are not valid as a judicial proceeding, they amount to an assignment *in pais* by the heirs, and may be supported as such. *Conant* v. *Little,* 1 Pick. 189 ; *Jones* v. *Brown,* 1 Pick. 317 ; *Baker* v. *Baker,* 4 Greenl. 70. If binding on the heirs, those succeeding to their rights cannot complain.

The objection that dower should have been assigned in one third of the premises, is not made by the mortgagee, nor the

heirs, and is not one which can be interposed by the demandant.

The opinion of the Court was by

WHITMAN C. J. — By the facts agreed upon, in this case it appears, that this is an action of ejectment, wherein the plaintiff demands seizin and possession of certain real estate, in the writ described. It appears that Zadoc French, the father of the said George, and the husband of said Beulah, the defendants, mortgaged the demanded premises to Ebenezer French, to secure to him the payment of $12000 ; and that the said Beulah, by her separate deed, indorsed on the back of said mortgage, duly relinquished to said Ebenezer her right of dower, in the same premises. And the rights of the said Ebenezer, through sundry mesne conveyances, have been transferred to one Edward D. Peters ; so that he has become the assignee of the mortgaged premises, with all the rights which the said Ebenezer had to the same, by virtue of his said mortgage, and the relinquishment by the said Beulah ; and the debt due, to secure which it was originally given, remains, in a great measure, uncancelled ; and measures have been taken by said Peters in order to a foreclosure of said mortgage. Said Zadoc died in 1831, intestate, leaving said George, Ebenezer and Frederick F. French his only heirs. Said Beulah, in 1831, applied to the probate court to have her dower assigned to her, in the estate of which the said Zadoc died seized, and the same was thereupon assigned to her ; and included the demanded premises ; the said mortgagee or his assignee, having never disturbed the mortgagor or his heirs in his and their actual possession of the same ; and the said Beulah, since she became possessed thereof, has held quiet possession of the same. The said George holds under the said Beulah. In 1838, the right in equity to redeem the premises, which remained in the said heirs of Zadoc, was sold on execution, after a due course of proceeding, to the plaintiff; so that he has become the holder of whatever right in equity remained in said heirs. Upon these facts it is agreed that judgment shall be entered upon nonsuit or default,

according to the opinion of the Court, as to the law applicable thereto.

The counsel for the plaintiff contends, that, as Zadoc French, the ancestor, had in his lifetime, conveyed the demanded premises in fee and in mortgage, which, at the time of his decease and at the time of the setting off of the widow's dower, remained so incumbered, he could not be considered as having died seized thereof; and therefore that the probate court had no authority to decree an assignment of dower, in and of the same. If the plaintiff is right in his premises, his conclusion would seem to be correctly deduced. In support of his position the plaintiff cites *Popkin* v. *Bumstead*, 8 Mass. R. 491 This case shows, that a widow cannot have dower in premises to which she had released her right of dower to a mortgagee, against the vendee of the equity of redemption, who had paid the amount due in discharge of the mortgage, which does not seem to be at all analogous to the case at bar. He also cites 5 Pick. 146, which does not seem to have a direct bearing upon the point at issue. He further cites, *Sheafe* v. *O'Neal*, 9 Mass. R. 9. In this case it was determined that a widow cannot have dower assigned her by the probate court in premises to which she had released it to the mortgagee, so long as the mortgage remained uncancelled, and against the claim of the mortgagee. The marginal note to the case is, that " the judge of probate has no authority to assign dower to a widow in premises mortgaged in fee by her husband." This is hardly borne out by the case itself. Mr. Justice Sewall, in delivering the opinion of the Court, all along alludes to the state of that particular case, in which the mortgagee had appeared in court, and contested the right of the widow to dower, and had brought the case, by appeal, into the S. J. Court. The Court considered, that, as it would be of no avail, in such case, to assign dower to the widow, it would be an unsuitable exercise of jurisdiction.

The language of Judge Sewall, however, in some parts of his reasoning, seems to convey the idea contained in the marginal note. He says in one place, " Of this estate, therefore,

the mortgagor did not die seized and possessed in fee, the fee being in the mortgagee." And this position seems to be in accordance with the views of Mr. Justice Wilde, as expressed in delivering the opinion of the Court, in *Parsons* v. *Weld & al.* 17 Mass. R. 417. Judge Trowbridge, to whose opinions the jurists of Massachusetts and Maine have been in the habit of paying great deference, in his treatise upon mortgages, would seem, also, to have countenanced a similar doctrine. And in the time of Lord Coke the law was held so to be.

These high authorities seem imposing. But the law, by lapse of time and change of circumstances and the improvements of science, in a succession of generations, becomes modified, and adapted to the varying wants of society. Anciently an estate mortgaged, and not redeemed at the time stipulated for payment, became absolute in the mortgagee. Courts of equity at length, without any legislative enactment for the purpose, broke in upon this strictness of the ancient common law; and admitted of redemptions long after the time stipulated for payment. And, as Judge WILDE remarks, in the case before referred to, "It cannot be denied that these principles, and rules of equity, have had a favorable operation in the administration of justice." And, that "it is not surprising, that they should have gained some footing in the Courts of common law." Accordingly we find, that great common law judge, Lord Mansfield, in the case of *Martin* v. *Mowling*, 2 Burrows, 978, is reported to have said, that "a mortgage is a charge upon the land, and whatever would give the money will carry the estate in the land, along with it, to every purpose. The estate in the land is the same thing as the money due upon it. It will pass by a will, not made and executed with the solemnities required by the statute of frauds. The assignment of the debt or forgiving it, will draw the land after it, as a consequence." These *dicta* of Lord Mansfield are criticised by Judge Trowbridge; and conjectured by him to have been put down by the reporter by mistake, or without the accompanying qualifications or limitations. But the opinion is very lengthy; and, if not furnished by him in writing, must

have undergone his examination, and have had his deliberate approbation as reported. No Judge was ever more celebrated and admired for his luminous and improved views of the common law, and the adaptation of it to the advancing state of society, than he was. Judge Trowbridge had doubtless, drawn his conclusions from the more ancient sources of the common law; and no doubt found it difficult, in common with the rest of us, to forego his veneration of Lord Coke. The doctrine of Lord Mansfield, however, in regard to mortgages, would seem not to have been entirely repudiated by the jurists of modern times. The estate of the mortgagee in lands, after his decease, and before foreclosure, is regarded as personal assets in the hands of an administrator. A devise, by a testator, of all his lands, does not embrace lands, mortgaged to him, though in fee, if he be not in actual possession and the mortgage foreclosed. 8 Veazie, 256; *Att. Gen'l* v. *Vigor,* 1 Atkins, 605; 1 Vernon, note 1, 3d. Lond. Ed. A mortgagor in possession is considered as the owner against all but the mortgagee; and may sell and convey in fee; the mortgage being considered only as security for debt. *Gould* v. *Newman,* 6 Mass. R. 259; *Blaney* v. *Bearce,* 2 Greenl. 132. He has the same rights that he ever had, except as against the mortgagee. *Hatch* v. *Dwight & al.* 17 Mass. R. 259; *Wilder* v. *Houghton,* 1 Pick. 89. Judge Story, speaking of a mortgage says, (*Gray* v. *Jenks & al.* 3 Mason, 520,) "a judge at law, sometimes deals with it in its enlarged and liberal character, stripped of its technical and legal habiliments;" and that, "in equity, the mortgagor is deemed the owner; and the mortgage itself as mere security for the debt." "The mortgagor has a right to lease, sell and, in every respect, to deal with the mortgaged premises as owner; so long as he is permitted to remain in possession, and so long as it is understood, and held, that, every person, taking under him, takes subject to all the rights of the mortgagee, unimpaired and unaffected." 4 Kent's Com. 157. And the same learned author, in page 158, of the same volume, holds the following language. "The narrow and precarious character of the mortgagor, at law, is changed under

the more enlarged and liberal jurisdiction of the Courts of equity. Their influence has reached the Courts of law; and the case of mortgages is one of the most splendid instances, in the history of our jurisprudence, of the triumph of equitable principles over technical rules; and of the homage which those principles have received, by their adoption in the Courts of law." And, again ib. p. 159, and 160, "the equity of redemption is considered to be the real and beneficial estate tantamount to the fee at law; and it is held to be descendable by inheritance, devisable by will and alienable by deed; precisely as if it were an absolute estate of inheritance at law. The Courts of law have also, by gradual and almost insensible progress, adopted these equitable views;" and, "except as against the mortgagee, the mortgagor while in possession and before foreclosure is regarded as the real owner; and a freeholder with the civil and political rights belonging to that character." The author is fully borne out by the authorities which he cites, and which need not be repeated here. And even Judge Sewall himself, in delivering the opinion of the Court, in *Bird* v. *Gardner*, 10 Mass. R. 364, which was a writ of dower, in a case in which the husband was the vendee of mortgaged premises unredeemed, notwithstanding his remarks in *Sheafe* v. *O'Neal*, says expressly that, "the title of Bird, the demandant's husband, was a seizin during coverture, whereof she was entitled to dower, against all other persons than the mortgagee and his assigns." And in Kent's Com. vol. 4, p. 162, it is laid down, that a tenant in dower or by the courtesy may redeem, which would seem clearly to imply that a widow may be endowed of mortgaged estates, otherwise she could not be placed in a situation to redeem.

If the mortgagor is a freeholder and owner, and has power, while undisturbed in his possession, to convey, subject only to the rights of the mortgagee, surely he might bequeath the mortgaged premises to his wife, as and for her dower, and she might enter and redeem. And no reason is apparent why the Judge of Probate, under similar circumstances, might not assign dower, nor why the dowress might not, under such assign-

ment, enter and hold the same, and be considered as entitled to redeem. In such case she would be deemed to have the assignment of the right in equity during her life, and the reversion thereof would remain in the heirs or their assignee, who in this case is the plaintiff. In such case, either may redeem. If the plaintiff should redeem he may oust the defendant Beulah, unless she should redeem of him, by paying him the amount he might have paid for redemption; in which case she would hold during her life, and her heirs after her, until the amount paid by her had been refunded. The plaintiff therefore must become nonsuit.