## Case No. 4,759.

FIEDLER et al. v. CARPENTER et al.

[2 Woodb. & M. 211.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1846.

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

Mr. Farnsworth, for demandants.
T. Coffin, for tenants.

WOODBURY, Circuit Justice. The first question in this case relates to the propriety of the amendment, asked for by the demandants. There can be no doubt, that the suit in point of fact was brought for the purpose of foreclosing a mortgage from the tenants to the demandants, though one is not referred to in the declaration. An amendment is usually permissible when the cause of action is the same, and the evidence to be offered is the same. Perley v. Brown, 12 N. H. 493. The tenants do not in their plea deny the seizin of the demandant, nor set up any title in themselves to any freehold in the premises. And when the demandants, in their replication, describe their seizin to be by means of a mortgage from the tenants to them, the demurrer to this replication admits the truth of that allegation. If an amendment, then, is granted, so as to introduce this admitted fact in the declaration,

the real cause of action will not be changed thereby, and the recovery will be for less than it might be on the original declaration. That is, it would be then only as in mortgage or conditional, whereas now, it would be absolute if at all for the demandants. But as the demandants might now not be entitled to judgment at all against the tenants, if claiming a fee against them not in mortgage; and they pleading non tenure, or that they hold less than a freehold estate, the amendment may be very important in respect to costs in this action, and may save the expense of a new suit to foreclose the mortgage. I shall, therefore, allow it, but the application for it being so late, after plea pleaded in bar, and the change caused by it having so important an influence, it must be on terms. The 10th rule of this court requires special terms, if an amendment be not asked till an issue is joined. Those terms would be all the costs to the tenants, and none to the demandants till the motion was made, if the tenants had any equities in their defence, or could have been at all misled as to the wishes of the demandants originally to do nothing except foreclose their mortgage. As the circumstances stand, however, though not probably misled, yet the tenants have been obliged to plead specially before the leave to amend was asked, and the amendment is an important one. They are, therefore, to have their own costs up to the time of the amendment asked, but nothing since.

The next question is, supposing the amendment made, can the demandant, after the plea of non tenure in bar, have judgment to foreclose his mortgage against the tenants? This question seems fully settled in this state by several adjudged cases, mostly referred to by the counsel for the demandant. It is well established, that after such a plea as this in abatement, to such a writ as this was originally, the action cannot proceed, as a fee cannot be demanded of, or a seizin restored by, a tenant unless claiming at least a freehold estate. Brown v. Miltimore, 2 N. H. 442; Stearns, Real Act. 207. It seems also to have been held in Massachusetts, that non tenure may, as done here, be pleaded in bar as well as in abatement. Fales v. Gibbs [Case No. 4,621]; Jackson, Real Act. 91, 92; 3 Mass. 312; 10 Mass. 64; 11 Mass. 216. But the supreme court of the United States have in one case considered the matter properly pleaded in abatement only. [Green v. Liter] 8 Cranch [12 U. S.] 229. And the practice accords with that in New Hampshire and in England. 2 N. H. 10, 442; Booth, Real Act. 28; Rast. Ent. 225. And, perhaps, the allowance of it in bar is justifiable only in states and courts where pleas in abatement must be filed early in the term. As this court must, in the practice in this respect, comply with what existed here in 1789 [Wayman v. Southard] 10 Wheat. [23 U. S.] 1; [Bank of U. S. v. Halstead] Id. 51,—and for aught

which appears, it was the same then as now, this plea would be valid against the original form of the action. But as it is, after amended, so as to be an action by a mortgagee against the mortgagor, to foreclose the mortgage, it seems fully settled in this state, that non tenure, however pleaded, is no defence to an action appearing in the declaration to be for that purpose. Penniman v. Hollis, 13 Mass. 429, 430; Walcutt v. Spencer, 14 Mass. 412; 15 Mass. 268. If it was, a mortgage could seldom be foreclosed by a suit, as the mortgagor usually remains in possession, and as a mortgagor, he is at law never tenant of the freehold, but commonly a mere tenant at will, and being only such a tenant quodam modo. 1 Pow. Mortg. 136, 137; 1 N. H. 169; Doug. 22, 282; Cholmondeley v. Clinton, 2 Jac. & W. 183; President, etc., of Waltham Bank v. Inhabitants of Waltham [10 Metc. (Mass.) 334]. The action to foreclose may, therefore, be against any person in possession. Hunt v. Hunt, 17 Pick. 121; Shelton v. Atkins, 22 Pick. 74. And it is not brought so much to recover seizin as to collect the debt due, and the demandant is not to be put in possession, if the debt is paid within the time allowed by law by any one in possession.

In this particular case, where the tenant himself executed the mortgage to the demandant, it is argued, also, that the latter is estopped by his deed to deny he is tenant of the freehold to the demandant. But no precedent is cited to support this view, and, on principle, it strikes me, that he would be estopped to deny only, that he once was possessed of a freehold, when he made the conveyance, rather than that he was when the suit was brought. The deed rather shows that he has parted with a freehold, than retains it. It is true, that in equity the mortgagor is sometimes considered still to retain an equitable freehold. Pow. Mortg. 157a; 1 Atk. 603. And that may be one additional reason why in this proceeding, under a statute, which, in a suit at law, allows the mortgagor time to redeem, instead of considering the estate as forfeited by non-payment at the day agreed, the mortgagee should recover, though the mortgagor, as tenant, pleads non tenure.

A mortgagor is treated in America as having, for most purposes at law, a freehold, till he quits possession, as against all but the mortgagee. 4 Kent, Comm. 160; [Robinson v. Campbell] 3 Wheat. [16 U. S.] 226, note; 6 Johns. 290. Some of the cases seem to hold the same as against the mortgagee, and the latter as possessing only a chattel interest. Clark v. Beach, 6 Conn. 142; 20 Me. 111; 11 N. H. 55. But this is doubtful, except for certain purposes, as dower, taxation, voting, settlement cases, &c. 2 Greenl. 173, 387; 6 N. H. 25; President, etc., of Waltham Bank v. Inhabitants of Waltham [supra]; 11 N. H. 62, 274; 10 N. H. 504. In these the mortgagor in posses-

sion is often to be considered as the owner. 2 Doug. 631; Rigney v. Lovejoy, 13 N. H. 251; 5 N. H. 420, 430. It may be also, that when one has disseized or entered on his grantee, he may not be allowed "to qualify his own wrong." Jackson, Real Act. 97; Goldes. 43. But whichever of these may be the true grounds, or the strongest for the decision of the court, it is in favor of sustaining an action like this in the amended form by the mortgagee against his mortgagor. The demandants must take care to insert in the amendment any averment required by the practice here to justify a judgment of foreclosure, and not a mere judgment for possession to receive the rents and profits.

Let the entry, then, be, that the demandants are allowed to amend on paying the tenants their cost till the motion was made, and then, that the replication is good, and the demandants entitled to judgment for a foreclosure of the mortgage.