### KNOBLOCK v. SOUTHERN RY. CO.

(Circuit Court, S. D. Georgia, W. D. January 17, 1902.)

REMOVAL OF CAUSES—TRIAL—TIME.

> Under 25 Stat. 433, providing that, on the removal of a cause from a state court to the circuit court of the United States, the cause shall proceed in the same manner as if it had been originally commenced in said circuit court, where it is the practice long established in such a court to consider the first term after a cause is commenced as the appearance term, and the next succeeding term as the trial term, and a cause is removed from a state court to such circuit court and the papers filed therein on the first day of a term, the defendant should not be forced to trial until the next term, even though the trial might have been had at an earlier date if the cause had not been removed from the state court.

Action for Damages.

Minter Wimberly and Alexander Akerman, for plaintiff.
Washington Dessau and W. A. Harris, for defendant.

SPEER, District Judge. On the 13th day of August, 1901, Mrs. W. C. Knoblock filed in the city court of Macon her petition against the Southern Railway Company, alleging damages in the sum of $20,000 for the homicide of her husband. This petition was return-

able to the September term of the city court, and under the law of Georgia and the procedure of that court the defendant was required to appear and plead by the 14th of that month, and the case would have stood for trial at the December term of the city court; that court having four terms a year. On the 12th of September the defendant presented to the judge of said city court its petition for removal, with bond, as required by the removal act of 1887–88 (25 Stat. 433); and upon the 14th day of the same month an order was entered in the city court as follows:

"It is ordered by the court that said bond and surety be accepted, and that said cause be removed from this court to the said circuit court of the United States for the Western division of the Southern district of Georgia, and that the clerk of this court make up the record thereof and transmit the same to the said circuit court of the United States on or before the first day of the next session thereof."

The petition and other papers filed in said case in the city court were thereupon certified and transmitted to the United States circuit court, and filed on the 7th day of October, 1901; that being the first day of the October term of said circuit court.

The circuit court of the United States for the Western division of the Southern district of Georgia has two terms a year,—one in October, and the other in May. These terms are fixed by act of congress. Common-law cases are returnable to one term, which is called the "Appearance Term," and are triable at the next succeeding term, which is called the "Trial Term." This has been the long-established practice in this court, and is probably based on a provision of the statute law of Georgia which has been of force since 1799, to the effect that "no trial in any civil cause shall be had at the first term." Code Ga. § 5126. Now, it is conceded that, if this case had not been removed to the United States circuit court, it would have stood for trial at the December term of the city court; and the plaintiff moves the court to assign the case for trial at this, the October term of the United States circuit court, which is now in session. This is objected to by counsel for the defendant railway company, a nonresident corporation, on the ground that the May term, 1902, is the trial term for said case, and, if forced to trial at this time, it will not have an appearance term either in the city court or the United States court. The removal act of 1887–88 (25 Stat. 433), under which this suit was removed from the city court of Macon, provides that, after petition for removal and bond is entered in the circuit court of the United States, "the cause shall then proceed in the same manner as if it had been originally commenced in said circuit court." It seems clear that, if said cause had been originally commenced in the circuit court at the date the action was first instituted in the state court, it would have been returnable to the October term, 1901, and no trial could have been had until the following May term, 1902. But it is insisted by the plaintiff that the appearance term, so far as the defendant was concerned, was the September term of the city court, and that the defendant actually appeared at said term when it presented its petition for removal. It is, however, true that the Southern Railway Company, being a nonresident of this state, is entitled to have its contro-

versies determined in the circuit court of the United States for the Western division of the Southern district of Georgia according to the rules and practice of this court. If, as plaintiff, it had filed a suit at law in this court, it would have been entitled to an appearance term, and a trial term six months thereafter. If sued here, it would have had the same time and terms in which to make its defense. When it is sued in any state court it has the right to appear and inform that court that it belongs to the class of persons who are entitled to have their controversies determined in the United States circuit court, and such appearance for such purpose does not deprive it of any right it has to have the entire controversy tried here; otherwise it would be competent for a resident of this state, by bringing an action in certain state courts, to deny to the nonresident the mode of trial provided by the courts of the United States. Having a uniform, settled method of procedure in this court for the trial of all such causes, it is impracticable, and probably unjust to litigants, to change it from time to time to meet the varying statutes of the state fixing the terms of the county, city, and superior courts. The city court of Macon has four terms a year, many of the city courts of the state have twelve terms a year, and at least one superior court has three terms a year. If the contention of the plaintiff is correct, the court would be compelled in each removed case to institute an investigation and determine at what time a particular case would have been triable in the particular state court had it not been removed, and as a consequence the time of trial in the United States court would be fixed by the state law and the practice in the state court, and not as if the suit had been originally brought in the United States court. This view has not always been entertained by this court. We have heretofore held (not, however, upon careful argument) that the fact that the cause is removed from a court of the state should not be used to produce more delay than the parties would have experienced had there been no removal; and, to avoid such delay, we have also held that a removed case could be tried here at a date as early as the trial could have been accorded the parties had it remained in the state court. This view, as above stated, is now deemed erroneous. Parties to litigation should be accorded a reasonable time for the preparation of their causes for trial, and the long practice in the circuit courts of the United States in Georgia has fixed this time to conform to the appearance and trial terms, substantially six months intervening, as regulated by congress and by the law of the state for the superior courts. The class of causes usually tried in the circuit court are of much consequence. The minimum jurisdictional amount must exceed $2,000, exclusive of interest and costs, where jurisdiction depends upon diverse citizenship; and, upon mature consideration, it would seem inimical to the policy of the law to compel a trial of such cases, when removed from the state courts, in one, two, or three months, as might have been done under the varying statutes of the state had such causes not been removed. Much confusion also might be produced in the general disposition of business here if, in a case from a particular state court, the trial could be had in three months, and in one month if removed from another; and yet ex-

haustive examination has not brought forward any reported case in which it has been definitively decided. After careful consideration, however, the conclusion reached seems clear, and that is that, in common-law cases removed to the circuit court from any court of a state, the cause shall proceed in the United States circuit court in the same manner as if it had originally commenced and was properly pending there, as for the appearance term, on the day on which proper proceedings for removal are presented to the state court. In other words, since the petition for removal must be filed at the first term of the state court,—a term at which, under its practice, the case is ripe for appearance and pleading,—it will be regarded as ripe for appearance and pleading here, although if originally commenced here a sufficient time might not have elapsed to make the date of the removal correspond with the return term of the circuit court. In any event, however, the defendant will be given 20 days after the petition is filed in the state court in which to prepare and file his defenses in the United States court. Act March 3, 1875, § 7 (18 Stat. 470).