KATE C. WARNER, Appellant, v. TRUSTEES OF THE NORWEGIAN CEMETERY ASSOCIATION ET AL., Appellees.

**Appeal:** EXCEPTION TO DECREE: SUFFICIENCY. An exception to a
1 decree as a whole goes to every finding included therein, and where there is but one ruling a party is not required to point out with exactness and except to each constituent finding therein; as where defendant filed a cross-bill to the suit of a widow for her distributive share in land conveyed by her husband alone, to which she demurred, the decree reciting that the demurrer was submitted with the case though not in terms announcing a ruling thereon, but expressly finding plaintiff not entitled to recover and rendering judgment on the cross-bill, a single exception to the decree as a whole was sufficient to call for a review of the ruling on the demurrer.

**Fraud:** CONVEYANCES BY HUSBAND ALONE. The conveyance of land
2 by a married man without the signature or knowledge of his wife, and recording of the deed by him, is not a fraud upon subsequent grantees, since they are charged with knowledge of her rights from the record of the deed.

**Same:** DOWER. The dower right of a wife cannot be defeated by
3 any act of her husband whether done in good faith, or in fraud of his immediate or remote grantees.

**Pleadings:** AMENDMENT TO CONFORM TO PROOF: SCOPE OF RIGHT.
4 Where a party obtains leave at the close of the trial to amend his pleadings to conform to the proof, he can go no farther than to present by additional pleadings such fact averments as the evidence already in the record tends to establish; so that where the evidence adduced simply made it appear that a married man supposedly owning real estate voluntarily conveyed the same to his wife and upon his death was insolvent, conceding that the pleading made a case against decedents' estate for breach of covenant in a deed of property to a third-person made by him alone, still damages for the breach could not be enforced against the property conveyed to the wife, on

the ground that she held the same in trust, without a showing of its amount and value.

**Dower:** RIGHT IN IMPROVEMENTS MADE BY HUSBAND'S GRANTEE. A widow suing for her distributive share in land conveyed by her husband alone is not entitled to the benefit of improvements put upon the land by the husband's grantee, or those claiming under him.

*Appeal from Wright District Court.*— HON. W. D. EVANS, Judge.

THURSDAY, JULY 9, 1908.

ACTION in equity, in which plaintiff seeks to have set off to her, as the widow of Asher Warner, a distributive share in certain lands described, which lands were conveyed by her said husband, acting alone, during his lifetime. Plaintiff was denied the relief prayed by her, and she appeals.— *Reversed.*

*G. W. Cullison* and *Cullison & Yackey,* for appellant.

*Nagle & Nagle,* for appellees.

BISHOP, J.— The lands in question are situate in Wright county, this State, and on May 2, 1879, the legal title thereto was in Asher Warner. On that day he conveyed, by general warranty deed, to F. G. Warner. In the body of the deed plaintiff is mentioned, by name, as the wife of said Asher Warner, but she did not join in the execution of the deed. The defendants are grantees of F. G. Warner through *mesne* conveyances. Asher Warner died January 21, 1903, and this action was commenced September 22, 1905. The defendants answered, pleading their possession and claim of title to the lands under the conveyance of F. G. Warner, and that they had made extensive improvements on the lands. It is then asserted by them that plaintiff joined

with her husband in the sale of the land to F. G. Warner; that with full knowledge she joined in the acknowledgment of the deed, and thereby acquiesced in and ratified the sale and the execution and delivery of the deed to said lands; that in reliance upon the recitals of the deed, and of the recital in the acknowledgment appended thereto, to the effect that plaintiff acknowledged the same to be her voluntary act and deed, they purchased, and have improved said lands, " and during all of said years plaintiff, with full knowledge of all matters hereinbefore set out, never made any objection or claim to said land." It is asserted in conclusion, that on the facts thus pleaded plaintiff is now estopped to assert any claim to or interest in said land. And the prayer is that the petition be dismissed; or, if this cannot be, that plaintiff be decreed to have no interest in the improvements, or the value of the land as enhanced thereby. Upon the issue thus joined the case went to trial.

Plaintiff, as a witness, testified that prior to the death of her husband she had no knowledge or information of the deed to F. G. Warner; that while it now appears that she is named in the body of the deed, and in the acknowledgment certificate of the notary, as one of the grantors, in fact she had no part in the transaction, and did not appear before the notary, who certified to the deed acknowledgment. She further testified that information respecting the existence of the deed first came to her through finding, among the papers of her deceased husband, a sealed envelope, on the outside of which appeared a memorandum in the handwriting of her husband, and signed by him, as follows: " To receipt showing description of land in Shelby county, Iowa, in which K. C. Warner owns a one-third interest, K. C. Warner never signing her right to the same away, nor never receiving any pay therefor. Also Wright county, Iowa. A. Warner." That on opening the envelope she found simply a receipt for taxes, paid on certain lands in Shelby county. She further testified that after the com-

mencement of this action she found among her husband's old papers the deed to the land in question, executed by him to F. G. Warner, and this she produced. In the body thereof Asher Warner and Kate C., his wife, are named as grantors, but the execution is by Asher alone. In the acknowledgment both names appear, and the certificate is to the effect that both husband and wife appeared and acknowledged. On the back of the deed is a certificate of the county recorder, showing filing and recordation on August 12, 1879. Asher Warner, Jr., son of Asher Warner, called by plaintiff, testified, among other things, that his father "had considerable property scattered around at the time of his death. He was probably worth $5,000." On cross-examination he testified that the property consisted of lands in Nebraska; that he did not know how much there was, nor the precise location thereof, but thought he had three or four pieces of farm land and some town property; that he did not know just what shape they were in, or whether incumbered or not. He further testified that, shortly before his father's death, he visited him, and, while there, " I just told him I thought the best thing he could do was to deed all his property to my stepmother. He did it after I left. My mother told me he did." The further evidence for plaintiff shows that the lands in controversy were conveyed by F. G. Warner to one Purdy, by general warranty deed, and such deed was recorded April 16, 1880. The title is then traced on down to the immediate conveyances under which defendants hold, each conveyance being by general warranty deed. Defendants went no farther in evidence than to offer testimony respecting the present value of the land, and the extent and value of the improvements made thereon by them.

At the close of the evidence defendants obtained leave, and filed an amendment to their answer, " to make the same conform to the evidence, and to meet the new issues developed on the trial by the witnesses on the part of plain-

tiff." Therein fraud is charged. It is said that Asher Warner made the deed to F. G. Warner, and received the consideration therefor to his own use; that he caused said deed to be made of record, and thereafter himself retained the same; that he then caused the deed to be made by and in the name of F. G. Warner, under which defendants hold title; that he then made a memorandum of the transaction, and placed the same, with the deed to F. G. Warner, with his papers, for the express purpose of informing his wife of the situation, and to enable her to recover an interest in the lands after his death. It is then alleged that said Asher Warner, a few days before his death, and in view of the approach thereof, conveyed all his property, consisting of Nebraska lands, and of the value of about $5,000, to plaintiff, his wife; that said conveyance was without consideration, and was made for the sole purpose of controlling the descent and distribution of his estate; that said real estate was and is of sufficient value to secure plaintiff all the dower to which she was entitled in the real estate owned by her deceased husband at the time of his death, and that which he alienated prior to his death by the conveyance in which plaintiff did not join; " that said conveyance to F. G. Warner, and from F. G. Warner, and the memorandum made by deceased, and the retention of the deed to F. G. Warner, and the subsequent conveyance of all his real estate to his wife, were made with the intent to wrong and defraud the present owners of the real estate in controversy, and to enable his wife to recover an interest therein after the decease of him, said Asher Warner, and to place all his other property in the hands of his wife, to defeat these defendants from recovering from his estate." And it is said that plaintiff had knowledge of all these matters at the time she brought this action; that, in bringing and prosecuting the same to avail herself of the benefits of the fraudulent acts of her deceased husbands, she is, in fact, participating therein, and is now estopped to recover. And the prayer is that the answer be

taken as a cross-bill; that a decree be entered barring and estopping any recovery by plaintiff, and that defendants be decreed to be the owners of the land in controversy, and that their title be quieted; that if this relief cannot be had, an account be taken of the amount and value of plaintiff's interest in the land, " and that an accounting be had of the amount of defendants' damages by reason of the failure of title; also of the value of the property conveyed by deceased to plaintiff, and that she be required to account for the value thereof in this action, and that the respective claims of plaintiff and defendants be offset one against the other, and that plaintiff be decreed not entitled to recover in this action," etc. The amendment to the answer, as thus filed, was met by a general equitable demurrer. And in this situation the case was submitted to the court. The decree entered recites that " the demurrer, at plaintiff's request, is submitted with the case." The decree does not, in terms, announce a ruling upon the demurrer, but finds in general terms that " plaintiff is not entitled to recover in this action, and that defendants are entitled to a decree upon their cross-bill," etc. The decree at its close recites a general exception saved to plaintiff.

Such is the case the record presents for our consideration. At the outset, we may call to attention that it is the law of this State, and was at all times in question, that the wife is entitled to one-third in value of all the legal and equitable estates in real property possessed by her husband at any time during their marriage, and to which she has not made any relinquishment of her right. Code, section 3366, and cases cited thereunder. Considering this, it is clear that, as the case stood at the close of the evidence, plaintiff was entitled to a decree. Counsel for appellee do not question this, but they insist that, as matters stood at the time the decree was entered, there was full warrant therefor, and here the argument is: First. The effect of the decree was to overrule the demurrer, and thus declare for the sufficiency

of the allegations of the cross-bill to make a case for affirmative relief; that as plaintiff did not take specific exception to the decree as a ruling on the demurrer, she is in no position to question the correctness of such ruling.   Second. That the effect of the failure of plaintiff to either answer or reply to the cross-bill was to admit as true the matters of fact alleged therein, and which, by the ruling on the demurrer, were adjudged to be sufficient to make a case for relief in favor of defendants.   The argument has the merit of being ingenious, but in our view it cannot be accepted as sufficient on which to base an approval of the decree as entered.

To begin with, we think the exception noted at the end of the decree amounted to an exception to the ruling on the demurrer.   The purpose of an exception is to advise

1. APPEAL: exception to decree: sufficiency.   counsel and the court that the ruling to which it is addressed is objected to, and that the objector will rely upon error in such ruling.   It is not required to be couched in any stated form of words, and, when addressed to a decree, the grounds thereof need not be stated.   When the decision to which it relates is entered of record, it is sufficient if the exception is noted at the end thereof.   Code, sections 3750, 3751.   Here the exception was to the decree as a whole, and hence to every finding included therein which entered into the conclusion expressed by the decree.   One of the findings, necessary to the conclusion reached, was that the demurrer should not be given effect to take the cross-bill out of the case.   There was but one ruling, and we cannot think it was required of plaintiff that she specifically point out, and with exactness, each constituent finding involved therein and separately except thereto.   Defendants and the court were advised, by the exception as taken, that plaintiff objected to the ruling, which at one and the same time discarded the contention of the demurrer, and awarded to defendants the primary relief

prayed for in the cross-bill. In the purpose of an exception, no more was required.

Regarding the ruling on the demurrer as excepted to, it follows that we have before us the question of the sufficiency of the allegations of the cross-bill to make a case for

**2. FRAUD: conveyance by husband alone.** affirmative relief. This is so because it must be said that plaintiff, by submitting the demurrer to be decided with the case, elected to stand on the ruling. We have given the question thus presented that careful consideration which the importance of the case demands, and we reach the conclusion that the demurrer should have been sustained. It will be observed that it is the substance of the cross-bill averment that Asher Warner, the husband of plaintiff, acting by himself, conveyed the lands in question to F. G. Warner; that he placed the deed on record, and then procured F. G. Warner to convey; that in doing this he purposely set in motion a secret plan to accomplish a fraud — *post mortem* as to him — and that he left a key to the situation where his wife might find it after his death. In all this there is no suggestion that plaintiff was in any sense a party to the plan. As relates to this branch of the case, her offending post-dates the death of her husband, and consists solely in the bringing and prosecution of this action. Certainly there is not here any sufficient allegation of actionable fraud committed, or about to be committed, by her. Nor, as we think, is there any sufficient allegation to make out a case of fraud on the part of Asher Warner. It is not enough to charge that a fraud was secretly planned by him; it is the execution, or at least the attempted execution, of the plan that ever becomes complainable matter. Now, no one, as far as we know, has ever considered it a fraud for a married man simply to convey lands owned by him without procuring his wife to join. He has a legal right to do that, and without more, it is not possible to predicate a fraud upon the exercise of a legal right. As the subject is here involved, in order that there may be fraud,

there must be deception; lacking the latter, the former cannot exist. By the allegation Asher Warner hung upon the public records of the county the only tangible evidence of the act done by him, now claimed to have been fraudulent. To the wording of the allegation the law adds the conclusion that every person coming to deal with the land was bound to know that the wife of the grantor had not relinquished her rights in the land. Hence F. G. Warner knew it, his grantee knew it, and these defendants must be held to have known it. Indeed, the pleading does not pretend otherwise. Accordingly there was no deceit as to them; and, in this view, the secret purpose of Asher Warner, in entering upon a conveyance in which his wife did not join, becomes wholly immaterial. *Criuze v. Billmire,* 69 Iowa, 397.

Be this as it may, it remains to be said in favor of the demurrer that, even if the cross-bill allegations presented a case of deceit, practiced by Asher Warner on his grantees, actionable as against him, still there is no case for relief pleaded, as against plaintiff. The dower right, given by statute to a wife in the property of her husband, though in choate pending the life of the husband, is in the nature of a property right, and she cannot be divested of it by any act of her husband, whether done in good faith, or in fraud, either of his immediate grantee or of those who may come after him.

3. SAME: dower.

But counsel for defendants say that, conceding to plaintiff the right to recover a distributive share in the real estate in question, still a case for equitable relief was made by the cross-bill. And here the theory evolved from the pleading is that Asher Warner — and on his death, his estate — became liable to defendants, as remote grantees, for a breach of the covenants in his deed; that as the estate of said Warner is insolvent, owing to the *ante mortem* conveyances, without consideration, of all his property to plaintiff, such property in her hands should be regarded as held in trust, and sub-

4. PLEADINGS: amendment to conform to proof; scope of right.

ject to appropriation for the satisfaction of the provable claim of defendants against his estate. And from this the conclusion is drawn that equity should decree an offset. There is more than one reason why this contention cannot be sustained. As the record stands before us, the statement of one reason will be sufficient. Conceding that the pleading presents allegation of a breach of the covenant against incumbrance, as contained in the Asher Warner deed, and that his estate may, in a proper proceeding, be made chargeable with the damages resulting from such breach, still the further allegations entitled to be considered do not make a case for defendants against plaintiff. A demurrer admits only the facts that are well pleaded. And where a party, at the close of a trial, obtains leave to further plead that his allegation and proof may correspond, his right cannot go farther than to present, by additional pleading, such fact averments as the evidence already in the record tends to establish. In so far as the averments go beyond that, they are gratuitous, if not impertinent, and should be stricken if motion is made, otherwise they should be ignored. No authority is necessary to support this conclusion. Now the evidence in this case went no farther, at best, than to make it appear that Asher Warner was supposed to be possessed of some Nebraska real estate; that, some months prior to his death, he had been advised by his son to transfer the same to plaintiff, and that plaintiff had subsequently admitted to the son that a transfer had been made to her. These facts, of course, the demurrer admitted. But they fall short of stating a case for affirmative relief. Conceding right in the defendants to advantage themselves by an admission thus said to have been made by plaintiff to her stepson, still, in the absence of proof of the amount and value of the property transferred, we do not see how the court could intelligently proceed to a decree in which the elements of amount and value must, of necessity, dominate in arriving at a result.

With the demurrer to the cross-bill sustained, the case must be considered as it stood at the close of the evidence, and thereon, as we have already said, plaintiff was entitled to recover. We are agreed, however, that she may not have any benefit from the improvements placed on the lands by defendants. *Felch v. Finch,* 52 Iowa, 563. And counsel for plaintiff do not claim otherwise.

5. DOWER: right in improvements made by husband's grantee.

As the court below did not pass upon the question of the extent of plaintiff's distributive share, the case will be remanded, that such may be ascertained and determined, and for a decree in harmony with our conclusions above expressed.— *Reversed.*