## EAKIN v. SCOTTISH UNION & NATIONAL INS. CO.

(District Court, N. D. Georgia, Atlanta Division. January 12, 1927.)

### No. 917.

**I. Courts ⬢⇒339—Federal District Court, in law case removed from city court, is to allow general and usual practice and procedure established for superior courts of state (Rev. St. § 914 [Comp. St. § 1537]).**

The practice and procedure in the courts of record of the state, to which, under Rev. St. § 914 (Comp. St. § 1537), federal District Court in an action at law shall conform, is that established by general laws and rules for superior courts of state, and not that established by spe-

cial law for city court from which case was removed, though it be a court of record.

**2. Removal of causes ⬢⇒117—Case removed to federal court is put on trial calendar of term next after 30 days for pleading (Judicial Code, § 29 [Comp. St. § 1011]).**

Under Judicial Code, § 29 (Comp. St. § 1011), case removed from state court is to be put on trial calendar of term next after expiration of the 30 days by such section provided for pleading; such period being provided for the purpose for which the appearance term of the state practice exists.

At Law. Action by W. S. Eakin against the Scottish Union & National Insurance Company. On motion of defendant to take case off trial calendar. Motion denied.

Randolph, Parker & Fortson, of Atlanta, Ga., for plaintiff.

Smith, Hammond & Smith, of Atlanta, Ga., for defendant.

SIBLEY, District Judge. The petition, a suit at law to recover on a policy of insurance, was filed in a state court and process issued on April 13, 1926, returnable to the May term thereof. Service was duly made, and on May 19, 1926, the defendant made its application for removal of the suit to the District Court of the United States under Judicial Code, § 28 (Comp. St. § 1010). The record was filed in the latter court on June 15, 1926, and defenses were filed July 13, 1926. The October term of the District Court having begun on the first Monday in October, the clerk, during that term, placed the case on the trial calendar, whereupon a motion has been made by the defendant to take the case off, as not ripe for trial until the March term. Several other removed cases are in a similar situation. [1, 2] The question to be decided turns upon the construction of Judicial Code, § 29 (Comp. St. § 1011), and especially upon its last sentence: "The said copy [of the record] being entered within said thirty days as aforesaid in said District Court of the United States, the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said District Court." This being a case at law, the procedure would be in conformity to that in the courts of record of the state as near as may be, under R. S. § 914 (Comp. St. § 1537). In Georgia besides the superior courts, whose practice and procedure is established by general statutes, there are numerous courts of record, called city courts, many of which, by special statutes, have a course of procedure peculiar to

themselves, the first term being, in some of them, the trial term.

Some of the cases to be affected by this ruling have been removed from such state courts. The practice and procedure to be followed in the District Court is not of the anomalous and varying types peculiar to the city courts from which the cases may have been removed, but is the general and usual practice and procedure established for the superior courts. The practice to be followed in a removed case does not conform to that of the court from which the case comes, but is the regular practice of the District Court which is applicable to the kind of case to be dealt with, and, when a law case, is conformed to the general rules of practice of the state courts. The peculiar rules that may apply to particular city courts by the statute of their creation have no bearing on the proper practice in the District Court.

Under the general practice established by sections 5562, 5563, 5628, 5635, 5653, and others of the Georgia Code of 1910, ordinary suits at law are returnable to an appearance term, which is that occurring next after 20 days from the filing of the suit. At the appearance term defenses are to be filed on pain of being adjudged in default. Demurrers are properly, though not necessarily, to be heard then, and all steps taken necessary to settle the pleadings and establish the issues. The term next following is the trial term. In some of the state courts there are but two terms per year, in others four or even six terms per year. The case sub judice was pending in a six-term court, and would have been for trial there at the July term. But the movant contends that, since had the case been filed originally in the District court on April 13th, 1926, it would have been made returnable to the October term thereof, and not triable until the March term following; that under the quoted sentence of Judicial Code, § 29, the removed case cannot properly be tried sooner, unless by consent of parties under Code Ga. § 5659. Such is not the requirement of Judicial Code, § 29. This section added to the previous removal statutes the provision for the 30-day period after filing the transcript of the record for plea, answer, and demurrer. The intent thereof was to provide a period for the very purpose for which the appearance term of the Georgia practice exists.

In a removed case the defendant at the time at which he should plead in the state court (that is, during the appearance term) removes the case and thereafter has 30 days to secure and file the transcript. After filing it he has 30 days to demur and plead. The appearance term which began in the state court is thereby extended in the District Court to the expiration of 30 days after filing the transcript. Under the movant's contention, in a removed law case there would generally be a whole term of the District Court to be passed over as an appearance term in which there would be nothing to be done, and a trial would often not be in order until a year after removal. The 30-day period provides a safeguard against such unreasonable delay on removal. "The cause shall then proceed in the same manner as if it had been originally commenced in said District Court" means that the defensive pleadings having been then filed, from that point the procedure shall be that of a case originally commenced in the District court, and triable at the next succeeding term.

This harmonizes with Judicial Code, § 38 (Comp. St. § 1020), which requires that proceedings taken in the state court prior to removal be treated as if taken in the District Court. The process returnable to an appearance term in the state court is to be treated as though returnable to an appearance term in the District Court beginning at the same time, and by section 29 ending 30 days after the filing of the transcript in the District Court. Should in any case the trial be so accelerated in the District Court as not to afford fair time for preparation to either party, the court would exercise discretion in postponement. No acceleration, however, but quite the reverse, has resulted in the cases now dealt with. The decision in Knoblock v. Southern Railway Co. (C. C.) 112 F. 926, was written before Judicial Code, § 29, was enacted.

The motion to take the case off the trial calendar is therefore denied.