## S. A. LYNCH ENTERPRISE FINANCE CORPORATION et al. v. DULION.*
### No. 5903.

Circuit Court of Appeals, Fifth Circuit.
Nov. 26, 1930.

---

*Rehearing denied January 24, 1931.

E. W. Moise and Robt. C. Alston, both of Atlanta, Ga. (Robert C. Alston, E. W. Moise, and Alston, Alston, Foster & Moise, all of Atlanta, Ga., on the brief), for appellant.

Winfield P. Jones, of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This suit was begun by the appellee, on December 7, 1928, suing out an attachment in the superior court of Fulton County, Georgia. Prior to December 18, 1928, it was removed to the court below by the party whose property was ordered to be attached, one of the appellants, S. A. Lynch Enterprise Finance Corporation, herein referred to as the appellant; a certified copy of the record being filed in the court below on that date. The attachment affidavit alleged that the appellant was indebted to appellee "in the sum of $38,000.00 principal and approximately $7,500.00 interest." On January 26, 1929, the appellant filed a motion to dismiss, which is set out below. On February 4, 1929, the appellee filed a declaration containing four counts, which subsequently was amended. Appellant's answer to the amended declaration put in issue allegations thereof, and set up as a defense an alleged release by the appellee of the claims, the payment of which the second count of the amended declaration, which alone was submitted to the jury, alleged was guaranteed by the appellant. For a reversal of the judgment against it appellant relies on the overruling of the abovementioned motion to dismiss, on the court's denial of a motion of appellant that a verdict in its favor be directed, on exceptions to instructions given by the court, and on the verdict and judgment being for an amount in excess of the amount of indebtedness stated in the attachment affidavit.

The following is the above-mentioned motion to dismiss:

"Comes now S. A. Lynch Enterprise Finance Corporation, the defendant in the above stated cause, and moves that this case be dismissed because of the failure of the plaintiff herein to file his declaration in attachment within the time provided by law. This cause was returnable to the January Term 1929 of the Superior Court of Fulton County, Georgia. The petition and bond for removal were filed in the Superior Court of Fulton County, Georgia, and on the 18th day of December, 1928, a certified copy of the record was filed in this Honorable Court. More than thirty days have elapsed since the filing of said certified copy of the record in this Honorable Court and no declaration in attachment has been filed by the plaintiff.

"Wherefore, defendant prays that this case be dismissed for failure to file said declaration in attachment."

The following was the court's recital or description of that motion in the order over-

ruling it, which order was contained in the same minute entry which contained an order overruling a motion to remand the case to the state court:

"At said hearing the defendant filed its motion to dismiss the case, because of the failure of the plaintiff to file his declaration in attachment within thirty days after the certified copy of the record from the State Court was filed in this Court."

That order, which was made on January 26, 1929, contained the following:

"It is further ordered that the plaintiff shall have ten days from this date within which to file his declaration in said cause, and the defendant shall have twenty days from this date within which to file its answer to such declaration."

To say the least, the language of the motion was inapt and misleading if the purpose of it was to bring about a dismissal of the case on any ground other than appellee's failure to file his declaration within thirty days after the filing in the court of a certified copy of the record in the suit. The language of the motion indicates that the pleader had in mind the statutory requirement as to pleading within thirty days after the filing of a certified copy of the record. That provision requires only the party removing the cause from the state court to plead, answer, or demur to the declaration or complaint in the cause within the time prescribed. 28 USCA § 72. It is not applicable to the appellee, who was not the removing party. As above indicated, the court's recital or description of the motion in the order overruling it shows that the court understood that a dismissal of the case was sought "because of the failure of the plaintiff to file his declaration in attachment within thirty days after the certified copy of the record from the state court was filed in this court." As there is no law requiring the appellee to file his declaration within thirty days after the filing in the court below of the certified copy of the record, the case was not subject to be dismissed on the ground which the language of the motion indicated, and which the court understood, to be the only one on which a dismissal was sought. The assignment of error based on that order of the court refers to it as "its order dated January 26, 1929, overruling defendant's motion to dismiss on the ground that the plaintiff had not filed his declaration in attachment within the time required by the statutes of the State of Georgia made and provided in such causes by not filing his declaration at the first term." We think it is a

sufficient reason for not sustaining that assignment of error that the record does not show that the court made the ruling which it purports to describe. The counsel for appellant contended that the case was subject to be dismissed because of a noncompliance with the provision of a Georgia statute that, "when the attachment is returnable to the superior or county court, the plaintiff shall file his declaration at the first term." Georgia Code 1926, § 5102. The attachment was returnable to the January, 1929, term of the superior court of Fulton county, which did not expire until the first Monday in March, 1929. Georgia Laws 1905, p. 89. If the case had not been removed, the appellee would have had until the last day of that term, March 2, 1929, to file his declaration in attachment. Sutton v. Gunn, 86 Ga. 652, 12 S. E. 979. The case was removed to the court below during its October, 1928, term, which did not expire until March 2, 1929. 28 USCA § 150, and Supp. In another case, the declaration in which had been filed before the removal, the court below, for the purpose of conforming to the Georgia law, under which a case is not triable at the appearance term, but only at a subsequent or trial term, held that the case was triable after the expiration of the time prescribed for pleading by an above-cited statute. 28 USCA § 72, Eakin v. Scottish Union & National Ins. Co. (D. C.) 17 F.(2d) 105. That case did not deal with the question of the time for filing a plaintiff's declaration. It did not purport to give to the last-mentioned statute the effect of requiring a declaration in attachment to be filed sooner than is required by Georgia law, under which, as above indicated, the filing of such declaration is permitted at any time during the term to which the attachment was returnable. Even if the appellee properly could have been required to file his declaration sooner than he did, it is apparent that no substantial right of the appellant was affected by appellee being permitted to file his declaration within the time prescribed by the above set out order of the court, under which appellee was required to file his declaration sooner than would have been required if the case had not been removed from the state court. A judgment is not subject to be reversed for a technical error which does not affect the substantial rights of the parties. 28 USCA § 391.

The allegations of the amended second count show the following: Appellee contracted with East Coast Enterprises, Inc., a corporation which was owned, controlled, managed, and operated by the appellant, to

install a plumbing, heating, and ventilating system in the Columbus Hotel building, located at Miami, Fla. Before the completion of that work, and while amounts due to appellee under that contract were in default, the East Coast Enterprises, Inc., then being insolvent, the appellant, in order to induce appellee to complete that work, promised and agreed with appellee to guarantee the payment of a specified sum, $40,000, to Crane Company, to which appellee was indebted for labor and material furnished to him for that work, and the payment to appellee of a stated sum, $7,000, part of which was due at the time that promise was made, and the balance whereof was necessary to be incurred to complete that work. Relying upon appellant's said promise and agreement, appellee within a reasonable time completed the above mentioned job. The appellant failed and refused to comply with its above-mentioned promise, with the exception that it paid a stated sum, $2,000. The appellant by its amended answer set up the defense that the appellee by a written instrument accepted described notes of East Coast Enterprises, Inc., in full payment and satisfaction of all claims of appellee incident to or growing out of work on said Columbus Hotel. By replication, the appellee set up the following: Prior to the signing of the above-mentioned written instrument, it was agreed between the parties thereto that it was not to take effect until the Hotel Operating Company of America properly executed a written instrument evidencing its consent to an assignment to appellee of rents of said hotel. The above-mentioned instrument, before it was signed by the appellee, was sent to a bank at Birmingham, Ala., with instructions to procure appellee's signature thereto, and also to procure from the Hotel Operating Company its written consent and deliver it to appellee. Appellee signed the above-mentioned instrument set up by appellant, and handed it to said bank, with the understanding that it was not to be delivered or become effective until the above-mentioned consent of the Hotel Operating Company should be executed and delivered. By described fraudulent devices and artifices, the other party to the instrument set up by appellant procured possession of that instrument from said bank. The condition on which it was to become effective was never complied with.

The denial of appellant's motion for a directed verdict is not presented for review unless it was duly excepted to. Fleischmann Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624. The record does not indicate that the action of the court in denying that motion was excepted to in any customary way. What was relied upon by appellant as constituting an exception to that ruling was what occurred in the course of an argument of appellant's counsel in support of that motion. Upon the conclusion of the evidence, appellant's counsel spoke at some length, making references to the evidence, and stating contentions as to what the evidence showed and failed to show. In the course of that argument, there were colloquies between the court and counsel. The bill of exceptions, after showing that, in a colloquy between court and counsel, the presiding judge stated that he was going to let the case go to the jury and see what they will do, recited as follows:

"Mr. Moise, (counsel for appellant), May I make my further points?

"The Court: There is no use making any more points. Your point is that of a directed verdict.

"Mr. Moise: It will take only a minute, and I wish to refer to especially this minute."

The counsel proceeded by reading from minutes of the appellant corporation, and stating additional points in support of his motion for an instructed verdict. A principal object of an exception is so to call a particular ruling to the attention of the trial court and opposing counsel that both clearly may understand that the purpose of the counsel who challenges that ruling is to make it the basis of appellate review. United States v. U. S. Fidelity Co., 236 U. S. 512, 529, 35 S. Ct. 298, 59 L. Ed. 696; Thiede v. Utah Territory, 159 U. S. 510, 16 S. Ct. 62, 40 L. Ed. 237; Long v. Atlantic Coast Line R. Co. (C. C. A.) 238 F. 919; Board of Com'rs of City and County of Denver v. Home Savings Bank (C. C. A.) 200 F. 28; Warner v. Cemetery Association, 139 Iowa, 115, 117 N. W. 39. Nothing in the above-mentioned incident indicates that anything said by appellant's counsel in support of the motion for a directed verdict was intended by him, or was understood by the court and opposing counsel, to be an exception or objection to a denial of that motion for the purpose of making that action of the court the basis or subject of appellate review. What counsel said by way of argument in support of the contention that the motion under discussion should be granted was not calculated to have the effect of notifying the court and opposing counsel of a purpose to make a denial of that motion the subject of appellate review.

To say the least, if anything said in such an argument properly may be treated as an exception, a purpose to have it given such effect must be disclosed. This was not done with reference to the ruling now in question. We conclude that the record fails to show that an exception to the action of the court in denying the motion for a directed verdict was duly reserved.

The bill of exceptions shows that, after the court had concluded its charge to the jury, appellant's counsel said: "I except to Your Honor's charge on the ground of Your Honor's statement that a contract of guarantee can be found otherwise than in the letter of April 1st, 1926, signed by Mr. Freeman. It is my contention that if there was any contract whatsoever, it is entirely within the letter of April 1st, 1926, and no contract can be found except in that letter." The assignment of error based on that exception set out as "the charge excepted to" extracts from the court's charge which fill nearly three pages of the printed record. The parts of the charge set out in the assignment of error were not called to the attention of the court. The language of the exception makes the subject of it "Your Honor's charge," not a part of that charge. If the exception cannot be construed otherwise than as one to the charge as a whole, it was not allowable, and, if it had been allowable, would not be sustainable, as parts of the charge plainly were not subject to exception. Holder v. United States, 150 U. S. 91, 14 S. Ct. 10, 37 L. Ed. 1010. What was done cannot well be regarded as complying with the requirement of a rule of this court (Rule X), "that the party excepting shall be required to state distinctly the several matters of law in such charge to which he excepts." But if the exception in question properly may be considered to be sufficient to present for review the court's action in permitting evidence other than the letter mentioned to be looked to by the jury in determining whether the allegations of the amended second count as to appellant guaranteeing the payment of specified sums were or were not proved, the exception is not sustainable, as there was testimony tending to prove those allegations, and that the letter mentioned, which was addressed to Crane Company, was not intended to embody or be the sole evidence of the contract referred to, but, as the letter itself indicated, was written for the sole purpose of informing Crane Company of so much of that contract as that company was directly interested in.

Another exception was stated as follows: "I also except on the ground that Your Honor has left to the jury the question of any fraud in the procurement of that release. It is my contention that there is no evidence of any fraud in the procurement of the release." It is not necessary to pass on the question of the sufficiency of this exception to present for review the action of the court in submitting to the jury the question whether the release set up by the appellant was or was not vitiated by fraud, as the principal contention of appellant's counsel in this connection is that the issue raised as to fraud in procuring that release was one to be passed on by the court as a court of equity, with the result that this court must pass on the issue so raised, and in doing so may determine whether the attack on that release was or was not sustained by the evidence. There were allegations and evidence to the effect that the instrument which purported to evidence the alleged release was not intended by the parties to it to be effective until a third party should execute a specified agreement, and that, without that condition being complied with, and without the consent of the appellee, the other party to the instrument mentioned by fraudulent devices procured possession of that instrument. Such allegations and evidence showed that that instrument never became effective by reason of the absence of an authorized delivery of it. Such allegations and evidence raised the issue of fraud in the execution of the instrument which purported to evidence the alleged release. Such an issue is triable by a court of law. Hartshorn v. Day, 19 How. 211, 223, 15 L. Ed. 605; George v. Tate, 102 U. S. 564, 26 L. Ed. 232. As there was evidence tending to prove fraud in the procurement of the alleged release, the exception under consideration was not well taken.

An assignment of error was based on the fact that the verdict and judgment were for more than the amount of indebtedness stated in the affidavit of appellee upon which the attachment was issued. There was evidence tending to prove that appellant guaranteed the payment of the sums alleged in the amended second count of the declaration, which, as above indicated, exceeded the amount stated in the affidavit for the attachment. The bill of exceptions, near the end of it, recites as follows:

"Mr. Moise: Also I further except to Your Honor's charge on the ground that

you submitted to the jury the question that they can find a verdict for less than the full amount. It is my contention that the evidence shows if there was any contract of guarantee at all, it was for the whole of it, for the purpose of obtaining time, and that the delay of the payments is sought by that letter of April 1st, 1926, and also set out in the pleadings, and you cannot break up that contract and have part of it binding on the defendant and the other part not binding on the defendant.

"The Court: Well, the charge as given was just what you said, was based on your request No......—one of your requests, I don't see it now,—that it would not be binding on the defendant if the notes never came into existence. I think you are right about that.

"Mr. Moise: And there cannot be a verdict except for all of the notes.

"The Court: Well, I disagree with you about that, your last contention.

"Mr. Moise: I except on that ground, Your Honor, that there can be a verdict for a part, my contention being that it is either all or nothing."

From the above recitals it appears that, in permitting the jury to find in favor of the appellee in an amount in excess of that stated in his affidavit for attachment, the court acted in accordance with a suggestion or contention of appellant's counsel. An assignment of error based on action of the court to which the appellant consented is not sustainable.

We conclude that the record shows no reversible error. The judgment is affirmed.