## PARSONS v. HOYT.*

1. **Mortgage: FOR PURCHASE MONEY : JUDGMENT.** A mortgage or trust-deed upon real estate, to secure the unpaid purchase money, has precedence over a prior judgment against the vendee.

2. **Notice: LIS PENDENS: STATUTE CONSTRUED.** The doctrine of lis pendens does not apply where neither the vendor nor the purchaser are parties to the action. Nor is this rule changed by section 2842 of the Revision.

*Appeal from Fremont District Court.*

FRIDAY, JANUARY 31.

PURCHASE MONEY LIEN : PROOF OF FRAUD : LIS PENDENS, ETC. — The plaintiff was a judgment creditor of one W. Hoyt, Sr., and, in 1860, purchased at sheriff's sale upon a *fi. fa.*, issued on his judgment, all of the interest of Hoyt, Sr., in the 160 acres of land in controversy. In January, 1861, plaintiff obtained his deed for the property, from the sheriff. In May, 1861, the same property was, under a trust-deed, executed by one Nelson Hoyt, to secure the purchase money, sold to the defendant, W. Hoyt, Jr., for

$237, and Hoyt, Jr., obtained his deed therefor from the trustee.

There is no question as to the regularity of either the sheriff's or trustee's sale.

The plaintiff claims that the title obtained by Hoyt, Jr., at the trustee's sale, was fraudulent as to him, because purchased with money derived from his father (Hoyt, Sr.), for whom it is held by his son (Hoyt, Jr.), in secret trust. He also claims that the said trust-deed was void, and that the purchase thereunder by Hoyt, Jr., was made *pendente lite*.

For some or all of these reasons the court below decreed for the plaintiff, but as the amount due on the trust-deed was for the purchase money, and had been tendered to Hoyt, Jr., the decree in favor of the plaintiff ordered the latter to pay the $237 and interest thereon to Hoyt, Jr.

Defendants appeal.

*Withrow & Wright* for the appellants.

*J. A. Harvey* for the appellee (plaintiff).

DILLON, Ch. J. — The land in question was swamp land. It was pre-empted by Hoyt, Sr. While Hoyt, Sr., thus held it, plaintiff's judgment against him was rendered and duly filed in the proper county. After this, Hoyt, Sr., assigned his certificate of pre-emption to his son Nelson, one of the defendants, who presented it to the county judge, who is not shown to have had any actual knowledge of the plaintiff's judgment; the county judge made the said Nelson a deed for the land, and received a trust deed to secure the purchase-money. It was under this trust deed that the land was sold in May, 1861, to W. Hoyt, Jr., for $237, as set forth in the statement.

1. MORTGAGE: for purchase-money: judgment.

We are of opinion, that the trust-deed created a valid lien for the purchase-money, and that this lien was paramount to the lien, if any, which the plaintiff had by virtue of his judgment against Hoyt, Sr.

This being so, a sale under the provisions of the trust-deed would, if not fraudulent, confer a title, free from the judgment of the plaintiff.

But it is claimed, that the title acquired by W. Hoyt, Jr., at the trustee's sale, was not *bona fide*, because purchased to enable his father to defraud the plaintiff, and with means mediately or immediately derived from the father.

Upon this point, which is the controverted question of fact in the case, a large mass of testimony was taken. The space allowed in the reports will not permit us to incumber them with a statement and discussion of it *in extenso*. It must suffice to say, that the court, (with doubt on the part of the writer, who would be at least equally content with the reverse view) are of opinion, that the charge of fraud against W. Hoyt, Jr., is not established. The burden is on the plaintiff. The son states on oath, that he earned the money in California, with which he made the purchase at the trustee's sale, and this statement is not successfully impeached or overthrown, but is strongly corroborated by the testimony of the witness Cornish.

This leaves but one question which it seems necessary to notice, and that is, that W. Hoyt, Jr., stands in no better position than his father or his brother Nelson, because his purchase at the trustee's sale was made *during the pendency of this suit.*

2. NOTICE: *lis pendens: statute construed.*

This suit was then pending against Nelson Hoyt alone. The subject-matter of that suit was an attack upon the validity of the father's assignment of the pre-emption

certificate to Nelson. The validity of the trust-deed was not questioned nor its existence referred to.

Plaintiff refers to and relies upon section 2842 of the Revision to sustain his proposition above stated.

If Washington Hoyt, Jr., had derived his title from Nelson Hoyt (the then sole defendant in plaintiff's suit), this section would have applied. But he derived his title under the trust-deed, and neither the beneficiary in the trust-deed nor the trustee, nor even the trustor in that capacity, was a party to that suit, and that suit did not, as above mentioned, allude to or attack the validity of the deed of trust. And to such a case, neither this section nor the ordinary doctrine of *lis pendens* has any application.

If this were so, then if A had a suit against B affecting real estate, C could not purchase the same of D, though not a party to the suit, without being charged with notice of its pendency, and affected by its termination. And this would be so in the case just supposed, though B had no title of record, and though D had a perfect record title.

Such a construction of the statute has no authority to support it, and for such a construction no good reason can be given.

Plaintiff's counsel is mistaken in supposing that *Cooley* v. *Brayton* (16 Iowa, 10) lays down such a rule.

And it is clear that such is not the ordinary equity doctrine on this subject.

The decree below is reversed and the petition dismissed.

Reversed.