<hr />

### CHARLOTTE L. SARGEANT *vs.* HENRY FULLER.

The owner of land mortgaged it, his wife releasing dower; became insolvent, and died. His assignee in insolvency paid to the mortgagee out of the assets of the estate the amount due on the mortgage; took an assignment of the mortgage to himself; and subsequently conveyed part of the land by quitclaim deed to J. S. *Held*, that the widow of the insolvent mortgagor could not maintain a writ of dower against J. S. without first redeeming the land from the mortgage.

WRIT OF DOWER, in which the demandant, as widow of Horatio Sargeant, claimed dower of land in Springfield. The case

was submitted to the judgment of the court on agreed facts, the material part of which was as follows :

Horatio Sargeant, being seised of a parcel of land in Springfield, mortgaged it to Benjamin Day, by a deed in which the demandant joined to release dower. He subsequently became insolvent, and afterwards died. Chester W. Chapin was appointed his assignee in insolvency, and all the insolvent's estate was conveyed to him. Subsequently the assignee paid to Day the amount secured by the mortgage, out of money belonging to the insolvent estate, took at the same time an assignment of the mortgage to himself as assignee, and afterwards conveyed the land in different parcels by different quitclaim deeds, in which he conveyed his interest both as assignee in insolvency and also under the assignment of the mortgage. The tenant claimed under the grantee in one of these deeds.

*G. Wells*, (*N. A. Leonard* with him,) for the demandant.

*H. Morris*, for the tenant.

WELLS, J. The demandant released her right of dower in the mortgage to Day. Her husband never redeemed the land from that mortgage ; and he was at no time thereafter seised of any interest in the land, except the equity of redemption. Her right of dower is therefore subject to that mortgage, unless it has been satisfied in his behalf or out of assets belonging to him. *Newton* v. *Cook*, 4 Gray, 46.

It is manifest that the assignee did not pay the mortgage debt in behalf of Sargeant, inasmuch as he took a formal assignment of the mortgage interest to himself, and, in his subsequent conveyances of the land, expressly declared that he conveyed not only his title as assignee, but also his interest under the assignment of the mortgage.

It does not appear that Sargeant had any interest in the assets of his estate which were applied to the payment of the mortgage debt. In the absence of any statement or evidence that the estate ultimately proved more than sufficient to pay all debts, so that the money applied to the payment of the mortgage would otherwise have resulted as a surplus to Sargeant, we must presume that the estate was in fact insufficient for that purpose.

The money, then, with which the mortgage was taken up by the assignee, was held in trust for creditors and not for Sargeant. The assignee not only was not bound to pay and discharge the mortgage for the benefit of Sargeant or the demandant, but had no right so to do. *Gibson* v. *Crehore*, 5 Pick. 145, 150. The mortgage debt could not be proved against the estate in insolvency; and the assignee had no right to pay it as a debt. He took up the mortgage, doubtless, as a means of making the land more available for sale for the benefit of the creditors. The money paid for that purpose was charged in his account; but the proceeds of sale were necessarily credited, and the charge offset by the increased amount of the credit. The result is the same as if the payment had been deducted from the proceeds of sale, and the balance, or net proceeds only, credited. *Abby* v. *Fuller*, 8 Met. 36. *Church* v. *Savage*, 7 Cush. 440.

It is objected that the assignee had no authority or right thus to purchase the mortgage. We think otherwise. But as the demandant has no right to require the mortgage to be satisfied out of the estate and discharged for her benefit, she cannot avail herself of an objection of this nature.

The mortgage then remained an outstanding title in the hands of Chapin, against which the widow of Sargeant could not have dower. Gen. Sts. *c.* 90, § 2. *McCabe* v. *Swap*, 14 Allen, 188. The tenant claims under the mortgagee; and she is equally precluded from demanding dower against him.

It is argued for the demandant that a mortgage title, before foreclosure, cannot be divided; and therefore that, as the whole mortgage was not assigned to the tenant, his deed of a part only of the land could not pass to him any interest in the mortgage title. But it is enough that the tenant holds " under the mortgagee." Except for the intervening right of dower, the mortgage would have become merged in the equity held by Chapin. For the purposes of conveyance it was so merged; and the tenant took, by his deeds, not one interest in the mortgage and a separate interest in the equity, but one entire estate in fee. The rights of such purchasers are protected by the statute against the claim of dower by the widow of the mortgagor, who joined in the

mortgage. If the mortgage has been redeemed and discharged by the heir or other person claiming under the husband, the widow still takes her dower subject to the incumbrance of the mortgage debt. " Whether the tenant redeemed the mortgage, or those under whom he claims, is not material." *Newton* v. *Cook*, 4 Gray, 46. So also if the mortgage is retained outstanding and undischarged, it is not material whether it is held by the tenant or by his grantor. Whoever holds the mortgage holds it not only for his own protection, but for the protection of those who claim under him the whole or any part of the land covered by it. The widow must first proceed in equity to redeem the land from that mortgage, before she is entitled to have dower set out to her. The result is, that in this action the

*Judgment must be for the tenant.*