THOMPSON vs. LYMAN and another.

*Mortgage for purchase money; rights of the wife.*

1. In case of a mortgage back of land to secure payment of purchase money, the wife of mortgagor need not execute the instrument in order to bar her right of dower as against the mortgagee and those claiming under him.

2. In case of a foreclosure and sale, the wife's right of dower would attach only to the surplus after payment of the mortgage debt.

3. In such a case, where the wife had joined in the mortgage, the husband might agree to pay a higher rate of interest in consideration of an extension of time; and the mortgage may be foreclosed against both, for interest accrued at such increased rate, and a personal judgment taken against him for any deficiency, in the same action.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action against *Joseph A. Lyman* and *Mary C. Lyman*, his wife, to foreclose a mortgage executed by them to secure payment of certain notes given by *Joseph A. Lyman* for the purchase money of the land mortgaged. The complaint, in describing the notes, avers that thereby said *Joseph A. Lyman* promised to pay certain specified sums at certain dates named, "with interest on all said sums annually." After alleging default of payment, the complaint claims that there is due on said notes and mortgage the principal named in each of the unpaid notes, with interest thereon *at ten per cent.*; and it demands judgment of foreclosure and sale for the amount thus alleged to be due, and a personal judgment for any deficiency against *Joseph A. Lyman*. The defendants demurred separately, on the ground (among others) that several causes of action had been improperly united. The demurrer was overruled; and the defendants appealed.

*Gerrit T. Thorn* and *N. S. Gilson*, for appellants.

*J. M. Gillet*, for respondent.

COLE, J. It is clear that there was no misjoinder of causes of action in the complaint. The action is to foreclose a mort-

gage given to secure the payment of the purchase money of the premises mortgaged. The notes accompanying the mortgage drew seven per cent. interest. It is alleged in the complaint that, after the execution of the mortgage, in consideration that the plaintiff would forbear suit on the notes and mortgage, the defendant *Joseph A. Lyman* agreed to pay ten per cent. interest on all sums after they became due.

It is said that this agreement to pay the extra three per cent. interest was a distinct and independent contract between the mortgagor and the mortgagee, not binding upon or in any way affecting the rights of *Mrs. Lyman*, and can only be enforced in a separate action against Joseph A. Lyman.

This, we think, is an incorrect view of the matter. The contract to pay ten per cent. interest on all sums after they became due in consideration of plaintiff's forbearing to bring suit, was clearly a valid, binding contract. The mortgagor could bind the estate with this additional burden. The wife has no ground to complain that this lien is imposed upon the land. For, as against the mortgagee and those claiming under him, it was not even necessary that she should sign the mortgage in order to bar any contingent right of dower in the premises. Sections 4 and 5, chap. 89, R. S. She would only be entitled to dower in any surplus that might remain after payment of the mortgage debt. This being her only interest in the premises, we see no ground for holding that the husband could not agree to pay the extra interest in consideration of the extension of the time of payment of the mortgage debt due, and bind the estate.

*By the Court.*— The order of the circuit court is affirmed.