THOMAS v. HANSON ET AL.

1. **Dower:** SUBJECT TO MORTGAGE FOR PURCHASE MONEY. The widow's dower is subject to a mortgage executed to the grantor to secure the purchase money.

*Argument.* In contemplation of law no time intervenes between the execution of the deed from the grantor and of the mortgage to him, the two instruments together constituting a single contract.

*Appeal from Clinton Circuit Court.*

TUESDAY, DECEMBER 5.

ACTION to foreclose a mortgage. The plaintiff sold the premises to the defendant Hanson and one Charles Wienkoop, now deceased. His administrator, Louis Cavalier, and his widow, Ernestine Wienkoop, are made defendants. The mortgage was given by said Hanson and Charles Wienkoop for the purchase money, and was executed at the same time that a deed of the premises was executed to them by the plaintiff. The defendant, Ernestine Wienkoop, averred in her answer that she was the wife of said Charles Wienkoop at the time of said purchase and did not join in the mortgage; and she claims dower in the undivided one-half of the premises as paramount to the mortgage.

The plaintiff demurred to her answer. The court sustained the demurrer, and she now appeals.

*Corning & Grohe,* for appellant.

*Ellis & Spence,* for appellee.

ADAMS, J.—The only question in this case is as to whether the widow's dower or share in the premises is subject to the

1. DOWER: subject to mortgage for purchase money.

lien of the purchase money mortgage, or is superior thereto. We are of the opinion that it is subject to the mortgage. If the plaintiff had retained the

legal title for security, as he might have done, the widow's dower right would have been subject to plaintiff's right to subject the premises to the payment of his claim. This precise question arose in *Barnes v. Gay*, 7 Iowa, 26, and was determined adversely to the widow. An analogous principle was decided in *Parsons v. Hoyt*, 24 Iowa, 154. A purchaser of land executed a trust deed to secure the purchase money. There was at that time a judgment against the purchaser, but it was held that the trust deed was paramount to the judgment. In *Nazareth Literary and Benevolent Institute v. Lowe and Wife*, 1 B. Monroe, 257, suit was brought to foreclose a lien for purchase money which had been reserved in the deed. The widow of the purchaser, Kelly, claimed dower as paramount to such lien. The court said: "The lien for purchase money was coeval with the inception of Kelly's equitable title to the lot. Kelly acquired his title subject to the lien, and his wife's inchoate right of dower could not have been greater or better than her husband's original right to the lot. The title and lien being connate, there never was any right in Kelly or his wife unincumbered by the lien."

In *Holbrook v. Finney*, 4 Mass., 565, the same question arose as in the case at bar. The defendant conveyed the premises in question to his three sons, who mortgaged the same back to secure the purchase money. Their wives did not join. The mortgage was foreclosed. Afterwards one of the sons died. His widow brought suit to recover dower in the undivided third part of the premises, which had been owned by her husband. But her right of dower was denied. Parsons, Ch. J., said: "The mortgage back to the father from the terms of it is of even date with the conveyance from him. They are therefore to be considered as parts of the same contract, and as taking effect at the same instant. The conveyance from the father took effect when he delivered his deed. The conveyance back took effect when the mortgage deed was delivered; but both, being of even date, were delivered at the same time.

The mortgagors were, therefore, seized but for an instant, taking an absolute estate in fee, and instantly rendering back a conditional estate in fee. These two instruments, therefore,

Thomas v. Hanson.

must be considered as parts of one and the same contract between the parties, in the same manner as a deed of defeasance forms with the deed to be defeated but one contract, although engrossed on several sheets, and no interval of time intervened between the taking and rendering back of the fee."

The same doctrine was held in *Mills v. Van Voorhees*, 20 N. Y., 412; *Hinds v. Ballou*, 44 N. H., 619; *Eslara v. Lepetre*, 21 Ala., 504; *Thompson v. Lyman*, 28 Wis., 266; *Bell v. The Mayor of N. Y.*, 10 Paige, Ch., 49.

Courts, indeed, have gone so far as to hold that where a purchaser takes a deed of land and at the same time executes a mortgage to a third person, to secure money used in payment for the land, the mortgage and deed may be regarded as constituting one transaction, and the mortgage will be paramount to the dower right of the wife of the purchaser, although she does not sign the mortgage. *Clark v. Monroe*, 14 Mass., 351; *Hazelton v. Lasure*, 9 Allen, 24; *King v. Stetson*, 11 Allen, 407.

The appellant relies upon *Tevis v. Steele*, 4 T. B. Monroe, 339, but the mortgage in that case was not given to secure the purchase money.

We are of the opinion that, as no time, in contemplation of law, intervened between the execution of the deed from plaintiff and the mortgage to him, Mrs. Wienkoop's inchoate right of dower attached subject to the mortgage.

AFFIRMED.