The Chief Justice
delivered the opinion of the court.
The statute, (Thomp. Dig., 184, 185,) declares that the widow “shall be entitled to dower in the following manner, to-wit: one-thiTd part of all the lands, tenements and here-ditaments, of which her husband died, seized and possessed, or had before conveyed, whereof said widow liad hot relinquished her right of dower.”
It is contended that the appellee was not entitled to dower *182 under the terms oi' the statute, because her husband did not die “seized and possessed'” oi the land in which she claims dower; and that he had not “before conveyed" said land, without her joining and relinquishing dower; but that he had given a second mortgage in which she did not relinquish her dower, (having relinquished it by the first, or purchase money mortgage) under which second mortgage, the same being foreclosed, the appellant was the purchaser and is in possession under the master’s deed. (He is also the assignee of the purchase money mortgage, having purchased it after the sale under the second mortgage, to protect himself.)
By giving the second mortgage to secure a debt, he created a lien upon the land, which lien was enforced by the courts in the manner provided by law, and which resulted in a sale of his interest and a transfer of it to the purchaser.
Though the mortgage itself was not an absolute convey- • anee in law or in equity, it became absolute by the enforcement of its conditions. The mortgage became, therefore, by operation of the contract enforced by law, a conveyance by 'the mortgagor within the meaning of the statute relating to dower in lands which the husband “had before conveyed” without the wife’s relinquishment of dower. If this is not the correct solution, if the giving of a mortgage by a husband which may ripen into a change of title by enforcing its provisions, is not a “conveyance” by him within the meaning of that statute, the necessary result is that the husband may alienate all his real property, (other than his homestead,) by executing a mortgage upon it and permitting it to be sold upon foreclosure proceedings, to the end that upon his death he is neither “seized and possessed,” nor has he “before conveyed” his land, and the widow may get nothing, though she had relinquished nothing. Such a construction would make the statute a mere instrument for defrauding women of their legal and natural rights of support and protection, for the securing of which, it is supposed, this law was created. This view cannot be sanctioned.
Again it is said that the wife having relinquished her dower by joining her husband in the first, or purchase-money mortgage, she had no remaining inchoate right of dower in the land when the second mortgage was executed by her husband.
Some of the early English and American decisions are cited to show that the relinquishment of the right of dower to the first mortgage extinguished it while the first mortgage remained, and it could not be revived without satisfaction of this mortgage; or, on the other hand, that as the mortgage was given to secure .purchase money, while this remained unpaid she was never invested with a right of dower, inchoate or present.
The ancient rule of the English law was that a mortgage in fee carried the legal estate into the mortgage; and if the mortgage was executed by a husband before marriage, there was no estate remaining in him of which the wife could be endowed; and if the mortgage was executed after marriage by husband and wife, all the legal estate passed and a mere equity of redemption remained, of which the widow was not endowed. This was the rule as announced in Stelle vs. Carroll, 12 Peters, 201, and Mayburry vs. Brien, 15 id., 21. In Stow vs. Tifft, 15 Johns. R., 458, it was held that by mortgage for purchase money the fee was re-invested in the mortgagee, eo imtanti, and hence no dower attached, as there was no seizin in the husband; the authorities cited being the old English law. In Holbrook vs. Finney, 4 Mass., 566, it was held that a mortgage for purchase money re-invested the fee in the mortgagee. The mortgage was foreclosed, the. wife not being a party, and dower was denied. So, also, in Clark vs. Munroe, 14 Mass., 351, which was decided upon the authority of Holbrook vs. Finney.
The cases of Popkin vs. Burnstead, 8 Mass., 491, and Bird vs. Gardner, 10 Mass., 364, cited by counsel for appellant, were governed by the same principle, and all of them hang upon the old English case of Nash vs. Preston, Cro. Car., 190, that where “the land was in and out” of the husband by one act, the deed and the re-conveyance by mortgage being one transaction, no estate in fee was vested in the husband, but only an equity of redemption, of which the widow was not dowable. Eor the mortgage was a re-conveyance of the fee, and the rule was the same if a mortgage was given for money loaned, for the mortgage vested the fee'in the mortgagee.
This being the ancient rule of the common law, it is contended that the statute of Elorida enacting the common law of England introduced the same rule. It was enacted by the Legislature, however, in 1853, (Chap. 525,) “that a mortgage is, and shall be held in our courts a specific lien upon property for a specific purpose, and, in point of fact as well as law, the mortgagee Í3 incapable of acquiring possession until after decree of foreclosure” and lawful sale.
This statute enacted a principle that had already become the rule in most of the United States, with or Without a similar statute, and both at law and in equity.
Under this act a mortgage cannot be a present conveyance of the legal title, however it may become so by breach of conditions and the action of the courts. The title is transferred in pursuance of the contract embraced in the mortgage by a judicial sale decree for the enforcement of the specific lien. The result of this statute is that the giving of a mortgage does not vest the legal estate in the mortgagee. The mortgagee has no title to the land which he can convey by deed and nothing which can be seized on execution against him; and the mortgagor remains, until a sale, seized in fee. This is the gist of the American doctrine as held in regard to the effect of a mortgage and the status of the parties. 6 Johns. R., 290; 7 id., 278; 2 Cowen, 195; 2 Pai., 68, 586, 592; 5 Wend., 603; 1 McCord Ch., 395, 3-97, 398; 7 Mass., 138; 9 id., 101; 5 Pick., 146; 6 id., 416; 15 Mass., 278; 15 Johns., 319; 19 Johns., 325; 20 N. Y., 412; 5 H. and J., Md., 315.
The necessary result of this doctrine, and of our statute, is that a mortgage by a husband and a release of dower by a wife to the mortgagee, does not divest the mortgagor of his title, nor does it affect the dower right of the wife except as to the mortgage debt.
Several strong cases are cited by counsel for appellant from the early Massachusetts reports tending to the result that a release of dower by joining in a mortgage was a complete divestment of the dower rights, and that hence the wife had no dower as against a second mortgage in which she did not join. But, upon this point, Parker, C. J., in Snow vs. Stevens, 15 Mass., says: In the cases cited, the doctrine goes no further than that the widow of him who was seized only of a right to redeem, should not have dower against the mortgagee. The interest of the widow in such estate is protected by the court of chancery. And Kent (4 Comm., 39,) says that dower cannot be claimed as against the mortgage for purchase money. Also, 2 Gill and J., 318; 4 Leigh, 30; 31 Me., 243; 45 Me., 493; 21 Ala., 504; 29 Ark., 591; 20 U. Y., 412; 44 Iowa, 651; 28 Wis., 266.
But she may have dower as against every one but the mortgagee and his assigns. Thomas vs. Hanson, 44 Iowa, 651; Mills vs. VanVoorhis, 20 N. Y., 412; Young vs. Tarbell, 37 Me., 509; McCabe vs. Bellows, 7 Gray, 148, and cases above cited.
In no recent case decided in this country have we found it announced that a release of dower to a mortgagee, whether for purchase money or money borrowed, operates as a bar of dower as against any subsequent lien. And it *183 would directly contravene the spirit of our statute of 1853, before referred to. It must, therefore, be held that the widow is entitled to her dower as against the second mortgage in which she did not join, and against the defendant as the purchaser upon the foreclosure of the second mortgage. The defendant is in possession under that sale. It is shown that the purchase of the property by defendant was made without reference to the first mortgage, and under the impression that it had been paid, or nearly paid. Finding that it was not satisfied, he paid the amount due upon it, and took an assignment of it for his protection. This he was entitled to do, and he is entitled to the advantage of it as a security for the amount due upon it. 72 Pa. St. 183; 8 Paige, 182; 7 Paige, 509; 16 Me., 146; 22 Me., 85; 7 Me., 377; Ib., 102; 30 Vt., 530; 44 Ib., 601, 640; 45 lb., 525; 8 Met., 517; Jones on Mort., §§866, 869; 8 Allen, 557; 4 Gray, 46.
The widow is entitled to dower in the land as against the mortgage she did not sign; but as against the mortgage for purchase money, in which she released her dower, she is not entitled, unless she first redeem., it by paying it. She released her dower as to the money secured by that mortgage, and is not dowable while it remains unpaid; the as-signee of this mortgage holding the legal title and being in possession. Bond vs. Fay, 8 Allen, 211; 12 Gray, 263; Jones on Mort., §866: 11 N. J. Eq. (3 Stockton), 133; 16 Ohio St., 193, 204, 205.
Tf the mortgage be redeemed by an heir, or by any one interested in the estate who is not bound to pay the debt, to avail herself of dower she must contribute her proportion of the charge according to the value of her interest. 7 Me., 102; 45 N. H., 490; 2 N. J. Eq., 349; 5 Pick., 146; 12 Gray, 363; 1 Paige, 193; 5 Johns. Ch., 482; 46 Mo., 510; 33 Mo., 337; 8 Met., 517; Jones on Mort., §866.
If any one claiming under husband redeems as' heir, &e., she may repay her proportion of the amount so paid and have her dower in the whole estate; but if she herself redeems from the mortgagee, or from his assignee, she must pay the whole amount due on the mortgage, if the mortgagee or the assignee objects to the assignment of dower. 4 Cushing, 257; 5 Pick., 146; 2 Ib., 519; 4 Gray, 46; 7 lb., 148; 3 Cushing, 554; 11 Allen, 39; 105 Mass., 119.
From the authorities, it seems to be the established doctrine that the widow cannot have dower as against the mortgage in which she expressly released it, and this is according to her express covenant, that her right of dower cannot be asserted as against the money due.
So much of the decree as awards dqwer against the as-signee of the first or purchase money mortgage is reversed witli costs against appellee, and the cause is remanded for further proceedings in accordance with the practice of the court and the equities of the case.
Westcott, J., took no part in the decision of this case.