# IN THE SUPREME COURT OF IOWA

No. 11:17 / 09–0397

Filed November 18, 2011

**FREEDOM FINANCIAL BANK,**

Appellee,

vs.

**ESTATE OF EDWARD J. BOESEN,**

Appellant,

and

**MAUREEN A. BOESEN,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.

Maureen Boesen and the Estate of Edward J. Boesen appeal the district court's grant of summary judgment to Freedom Financial Bank in this mortgage foreclosure proceeding. **DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.**

James R. Monroe, Des Moines, for appellant Estate of Edward J. Boesen.

Adam C. Van Dike of Connolly O'Malley Lillis Hansen Olson LLP, Des Moines, and Jerrold Wanek of Garten & Wanek, Des Moines, for appellant Maureen A. Boesen.

Louis R. Hockenberg and Benjamin M. Clark of Sullivan & Ward, P.C., Des Moines, for appellee Freedom Financial Bank.

**WATERMAN, Justice.**

The forgery of a spouse's signature on a mortgage complicates this foreclosure dispute between creditors and the widow over her deceased husband's commercial real estate. Venerable precedent dating back to the 1870s guides our resolution of the parties' competing claims and helps harmonize seemingly conflicting provisions of the probate code. Specifically, we must decide whether a surviving spouse's dower interest—codified in Iowa Code section 633.211 (2009) as to nonhomestead real property—is subject to either a lender's purchase-money mortgage or the other debts and charges of the estate of the spouse who died intestate.

Edward J. Boesen obtained a purchase-money mortgage from Freedom Financial Bank to invest in commercial real estate in Ankeny, Iowa. The signature of his wife, Maureen, was forged in executing the purchase-money mortgage. After Edward's death, Freedom Financial attempted to foreclose its mortgage, but Maureen and the Boesen Estate asserted Maureen's fraudulent signature voided the mortgage.

The district court granted Freedom Financial summary judgment, concluding its purchase-money mortgage was superior to Maureen's statutory dower interest and the estate's other debts and charges. The district court ordered any excess sale proceeds to be paid to the estate, not Maureen. The court of appeals affirmed the district court's award of summary judgment to Freedom Financial, but reversed the district court's determination that the foreclosure sale surplus be paid to the estate and instead held Maureen's statutory dower interest took priority over the estate's other debts and charges. On further review, we affirm the court of appeals decision. This is the result at common law that the applicable provisions of the probate code embrace.

### I. Factual and Procedural Background.

On May 25, 2007, Edward Boesen purchased commercial real estate in Ankeny. The deed conveyed the land "to Edward J. Boesen, a married person" and was recorded in the Polk County Recorder's Office the same day. To finance the purchase, Edward obtained a $232,000 loan from Freedom Financial and executed a promissory note for $232,000 and a mortgage securing $290,000 in loans and advances on the Ankeny real estate. The mortgage was recorded within a minute of the deed. The loan documents Edward signed contained a purchase-money mortgage recital and expressly waived all dower interests. Edward's signature and Maureen's purported signature on the mortgage were acknowledged by a notary public. Maureen claims her signature was forged. The record contains no details as to the forgery.

Edward died intestate on July 15, 2008, leaving Maureen as his surviving spouse. Edward and Maureen had four children together. After Edward's death, the mortgage fell into default; Freedom Financial issued a notice of default and then filed its petition to foreclose the mortgage on August 7, 2008.

Freedom Financial's petition asserted its mortgage was superior to all other claimants' interests in the Ankeny real estate. The bank sought judgment for the $228,056.42 remaining on the promissory note and for attorney fees and costs as provided for in the promissory note and mortgage. Maureen and the estate filed answers and raised affirmative defenses, contending the mortgage was void because Maureen did not execute the mortgage and Edward could not unilaterally convey her statutory dower interest.

Freedom Financial moved for summary judgment. The bank did not challenge the allegations Maureen's signature was forged, but argued

its purchase-money mortgage nevertheless remained superior to Maureen's statutory dower interest. Maureen resisted the motion and cross-moved for summary judgment on grounds she never executed the mortgage and Edward could not sign away her statutory dower interest in the Ankeny property. The estate moved for summary judgment, alleging Maureen's fraudulent signature rendered Freedom Financial's mortgage invalid as to Maureen's interest in the property. The estate also asked the court to subject Maureen's statutory interest in the real estate to its debts and charges.

On January 26, 2009, the district court granted Freedom Financial summary judgment and entered judgment against the estate in the amount of $228,056.42 plus interest, court costs, attorney fees, and other advances made by the bank. The district court ruled that, under Iowa Code section 654.12B, the bank held a purchase-money mortgage superior to "any other right, title, [or] interest . . . arising through, or under Edward." The district court concluded that Maureen's statutory dower right was a real property interest arising through Edward. The district court also ordered any foreclosure sale surplus to be paid to the estate—implicitly concluding Maureen's statutory dower interest under section 633.211 was subject to the estate's debts and charges. On February 25, 2009, the district court entered a decree of foreclosure.

Later that day, the district court filed a supplemental order rejecting Freedom Financial's contention that its mortgage entitled its nonpurchase-money advances to Boesen to receive purchase-money priority. After the bank sought clarification, the district court filed a March 16, 2009 order reiterating that the estate is entitled to any foreclosure sale surplus, but that Freedom Financial's secured

nonpurchase-money advances retain their priority vis-à-vis other estate creditors.

The estate appealed the district court's summary judgment order, its foreclosure decree, and its supplemental order. Maureen filed a "cross-appeal" appealing all rulings. The case was transferred to the court of appeals. The court of appeals affirmed the district court's foreclosure decree in favor of Freedom Financial, but reversed the district court's order awarding the sale surplus to the estate. The court of appeals held Maureen's statutory dower interest in the real property was free and clear of the estate's other debts and charges. We granted the estate's application for further review.

## II. Standard of Review.

Foreclosure proceedings are typically tried in equity. Iowa Code § 654.1; *First Fed. Sav. & Loan Ass'n of Storm Lake v. Blass*, 316 N.W.2d 411, 415 (Iowa 1982). This appeal, however, is from an order granting summary judgment and related supplemental orders. Our review, therefore, is for correction of errors of law. *Baratta v. Polk Cnty. Health Servs., Inc.*, 588 N.W.2d 107, 109 (Iowa 1999).

## III. Purchase-Money Mortgage Priority.

Maureen and the estate contend her statutory dower share provides her an interest in the Ankeny real estate superior to Freedom Financial's purchase-money mortgage. The dower statute, Iowa Code section 633.211(1), provides in pertinent part:

> If the decedent dies intestate leaving a surviving spouse and leaving no issue or leaving issue all of whom are the issue of the surviving spouse, the surviving spouse shall receive the following share:
>
> 1. *All the value of all the legal or equitable estates in real property possessed by the decedent* at any time during the marriage, which have not been sold on execution or by

other judicial sale, and to which the surviving spouse has made no relinquishment of right.

(Emphasis added.)  Maureen and the estate argue her statutory dower interest attached to the Ankeny property when Edward purchased the land, and he could not unilaterally convey away her dower interest in real property.  Maureen and the estate also assert Freedom Financial's mortgage was improperly recorded and is therefore invalid.

**A.  The Purchase-Money Mortgage is Superior to the Statutory Dower Interest.**  On appeal, the parties agree Freedom Financial's mortgage was a purchase-money mortgage.  Iowa Code section 654.12B(2) defines a purchase-money mortgage as:

> Taken by a lender who, by making an advance or incurring an obligation, provides funds to enable the purchaser to acquire rights in the real estate, including all costs in connection with the purchase, if the funds are in fact so used.

Freedom Financial loaned Edward $232,000 to purchase the real estate for investment purposes.  By statutory definition, the instrument he signed was a purchase-money mortgage.  The mortgage contained a recital clause stating, "This is a purchase-money mortgage as defined by Iowa law."  Section 654.12B states a recorded purchase-money mortgage has "priority over and is senior to preexisting judgments against the purchaser and any other right, title, interest, or lien arising either directly or indirectly by, through, or under the purchaser."  This provision codifies the common law rule that a purchase-money mortgage had "preference over previous judgments against the purchaser-mortgagor." *Keefe v. Cropper*, 196 Iowa 1179, 1181, 194 N.W. 305, 306 (1923).

Undaunted, Maureen and the estate argue her statutory dower interest is superior to the bank's purchase-money mortgage because

Maureen did not sign the mortgage, and Edward cannot unilaterally convey her statutory dower interest they claim attached when Edward purchased the land. Maureen and the estate rely on a line of cases that hold a decedent cannot unilaterally divest the surviving spouse's statutory dower interest. In *Warner v. Trustees of Norwegian Cemetery Ass'n*, a husband conveyed real property to a third party without his wife's knowledge. 139 Iowa 115, 117, 117 N.W. 39, 42 (1908). Upon the husband's death, the wife sought to claim her dower interest in the real property. We found for the wife by holding:

> The dower right, given by statute to a wife in the property of her husband, though inchoate pending the life of the husband, is in the nature of a property right, and she cannot be divested of it by any act of her husband, whether done in good faith, or in fraud . . . .

*Id.* at 123, 117 N.W. at 42. We similarly concluded a wife's statutory dower interest takes priority over leasehold interests conveyed by her husband without her approval. *Westergard v. Klepper*, 229 N.W.2d 236, 239 (Iowa 1975).

While it is generally true a decedent cannot unilaterally divest a surviving spouse of their vested statutory dower interest, none of the cases cited by Maureen or the estate for this proposition involve a purchase-money mortgage. As with so many things in life, timing matters. A spouse's statutory dower interest attaches to real property "the instant there is a concurrence of seisin in the husband and marriage relation between the parties." *Lucas v. White*, 120 Iowa 735, 741, 95 N.W. 209, 211 (1903). In *Warner* and *Westergard*, the husband had title to the properties before unilaterally conveying real estate interests; the surviving spouse's statutory dower share had already attached to real estate before the conveyances. A purchase-money mortgage, however, is

a unique real estate instrument with a priority timing rule that dictates a different result.

A purchase-money mortgage "is predicated on the theory that upon the simultaneous execution of the deed and mortgage the title to the land does not for a single moment rest in the purchaser." *Keefe*, 196 Iowa at 1181, 194 N.W. at 306. Through a legal fiction, the title "merely passes through [the purchaser's] hands and, without stopping, vests in the mortgagee." *Id.* Accordingly, "no lien of any character" can attach prior to the purchase-money mortgage, and the mortgage "has preference over previous judgments against the purchaser-mortgagor." *Id.* Based upon these principles, in 1876, we held a spouse's dower interest was subject to a purchase-money mortgage because "no time, in contemplation of law, intervened between the execution of the deed from plaintiff and the mortgage[; therefore, the surviving spouse's] inchoate right of dower attached subject to the mortgage." *Thomas v. Hanson*, 44 Iowa 651, 653 (1876); *see also Haynes v. Rolstin*, 164 Iowa 180, 182, 145 N.W. 336, 336 (1914) ("By many previous decisions of this court it has been held that the dower interest in real estate attaches subject to the superior right of a purchase-money mortgage, and that the widow is not entitled to assert it as against the prior claim based upon a purchase-money lien.").

This long-standing priority rule is well accepted:

> As a general rule, where a husband purchases land and at the same time executes to the grantor a mortgage for the unpaid purchase-money, such mortgage is superior to the wife's right of dower . . . and this is so even though the wife did not join in the execution of the mortgage.

28 C.J.S. *Dower & Curtesy* § 48, at 139 (2008); *see also* 25 Am. Jur. 2d *Dower & Curtesy* § 30, at 85 (2004) ("[D]ower is generally subordinate to a mortgage subject to which the husband takes title, to a mortgage given

before marriage, to a mortgage in which the wife released her right of dower, and to a purchase-money mortgage.").

*Thomas* resolved the very dispute at issue in this appeal by holding a purchase-money mortgage's "pass-through" characteristics rendered a surviving spouse's dower interest subject to the mortgage. 44 Iowa at 653. Iowa Code section 654.12B codifies the definition and priority of a purchase-money mortgage by expressly stating it "shall have priority over and is senior to preexisting judgments against the purchaser and any other right, title interest, or lien arising either directly or indirectly by, through, or under the purchaser." The provision also expressly preserves the common law: "The rights in this section are in addition to, and the obligations are not in derogation of, all rights provided by common law." Iowa Code § 654.12B. Neither Maureen nor the estate argues the statute's text demands a result different from *Thomas*; the statute's plain language makes such an argument untenable.

This result is not unfair to Maureen. Without the bank's six-figure loan, Edward never would have acquired the Ankeny land. His acquisition gave Maureen her dower interest in the sale surplus. Edward's interest in the real property was always subject to the bank's purchase-money mortgage. Section 633.211 states a surviving spouse is entitled to the "value of all legal or equitable estates in real property . . . *at any time during the marriage.*" (Emphasis added.) At no time did Edward have a real estate interest in the Ankeny property superior to Freedom Financial's mortgage interest. Maureen's statutory dower cannot bestow upon her a property interest greater than Edward ever possessed.

Maureen and the estate's reliance on *Warner* and *Westergard* is misplaced. In those cases, the surviving spouse's dower interest

attached before the husband's unilateral conveyance. Here, Maureen's statutory interest attached after Freedom Financial's purchase-money mortgage in the Ankeny property. We follow *Thomas* and the plain meaning of section 654.12B to hold Maureen's statutory dower interest under Iowa Code section 633.211 is subject to Freedom Financial's purchase-money mortgage.

**B. The Allegedly Defective Acknowledgement.** The estate and Maureen alternatively argue that her statutory interest takes precedence over Freedom Financial's mortgage because the forgery of her signature precludes the bank's compliance with the statutory recording requirements. Their argument invokes a web of interconnected statutes. Section 654.12B states a "recorded" purchase-money mortgage has priority. Next, the recording act provision, section 558.42, states for an instrument to be properly recorded, its acknowledgement must comply with Iowa Code chapter 9E. Section 9E.9(1), in turn, requires "the notarial officer [to] determine, either from personal knowledge or from satisfactory evidence, that the person appearing before the notary and making the acknowledgement is the person whose true signature is on the instrument." The estate and Maureen argue that, because her signature was a forgery, the public notary failed to properly acknowledge her signature, making the recording defective under section 558.42 and, thereby, voiding the mortgage as to Maureen under section 654.12B.

In district court, Maureen first raised a simplified version of this argument, relying primarily on caselaw, in a reply memorandum to Freedom Financial's resistance to her cross-motion for summary judgment. The district court granted Freedom Financial summary judgment without reaching Maureen's "defective acknowledgment" argument. On appeal, the estate and Maureen developed the argument

by citing to the foregoing statutory recording provisions. They are too late. Neither Maureen nor the estate filed a motion under Iowa Rule of Civil Procedure 1.904(2) to enlarge the district court's findings or otherwise requested the district court to rule on this issue. " 'When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.' " *Stammeyer v. Div. of Narcotics Enforcement*, 721 N.W.2d 541, 548 (Iowa 2006) (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002)). "If the court does not rule on an issue and neither party files a motion requesting the district court to do so, there is nothing before us to review." *Id.* Accordingly, the estate and Maureen have failed to preserve error on this argument.

Even if the issue had been preserved, Maureen and the estate still would not prevail. They essentially allege the public notary's defective acknowledgement creates a recording act violation. "The purpose of the recording act is [only] 'to notify subsequent purchasers and incumbrancers of the rights [the recorded] instruments are intended to secure.' " *Shill v. Careage Corp.*, 353 N.W.2d 416, 419 (Iowa 1984) (quoting *Connolly v. Des Moines & Cent. Iowa Ry.*, 246 Iowa 874, 890, 68 N.W.2d 320, 330 (1955)). Section 558.41 states the only effect of an improperly recorded instrument is the "instrument affecting real estate is of no validity against subsequent purchasers for a valuable consideration, without notice." Maureen, however, is not a subsequent purchaser for value. " 'The rule is well established that to be a good faith purchaser for value, one must show that he made the purchase before he had notice of the claim of another, express or implied.' " *Moser v. Thorp Sales Corp.*, 312 N.W.2d 881, 886 (Iowa 1981) (quoting *Janssen v. N. Iowa Conference Pensions, Inc. of Methodist Church*, 166 N.W.2d 901,

908 (Iowa 1969)). Maureen never paid anything for the Ankeny property. The recording act protects the unsuspecting purchaser who acquires title through valuable consideration in reliance on recorded legal title. The recording act does so by granting the purchaser priority over an otherwise superior interest holder who failed to record its interest. Maureen did not acquire her statutory dower interest in reliance on the Ankeny property's legal title or pay valuable consideration to acquire the title. The recording act provides her no relief.

**IV. The Statutory Dower Interest in Real Property is Free and Clear of the Estate's Other Debts and Charges.**

After presenting a united front against Freedom Financial's purchase-money-mortgage priority claim, Maureen and the estate part company as to whether her statutory dower interest in the sale surplus is subject to the estate's other debts and charges. Maureen contends her interest is free and clear of the estate's other debts and charges; the estate argues debts and charges must be paid first. Each party relies on different statutory language.

**A. Framing the Issue.** Maureen argues her statutory dower interest entitles her to the Ankeny real estate free and clear of the estate's debts and charges. Section 633.211 provides a surviving spouse:

> 1. *All the value of all the legal or equitable estates in real property possessed by the decedent at any time during the marriage*, which have not been sold on execution or by other judicial sale, and to which the surviving spouse has made no relinquishment of right.
>
> 2. All personal property that, at the time of death, was, in the hands of the decedent as the head of a family, exempt from execution.
>
> 3. All other personal property of the decedent *which is not necessary for the payment of debts and charges.*

(Emphasis added.) According to Maureen, it is plain the legislature intended her statutory share in real property to have priority over the estate's debts and charges when subpart 3, which expressly states nonexempt personal property is subject to the estate's debts and charges, is compared to subpart 1, which states she is entitled to "all the value" in real property "possessed by the decedent at any time during the marriage" without any limitation. To buttress her statutory argument, Maureen points to a line of nineteenth century cases that hold a wife's statutory dower share takes free and clear of the estate's debts and charges. Maureen is correct.

The estate contends modern statutory codification has overturned these cases, and that the current probate code, when read as a whole, subjects the surviving spouse's statutory dower interest in nonhomestead real property to the estate's debts and charges. The estate points to Iowa Code sections 633.218 and 633.350 to support its position. Iowa Code section 633.218 states:

> After such [appraisal] proceedings, *and after payment of debts and charges*, the surviving spouse shall have the right to select from the property so appraised, at its appraised value thus fixed, property equal in value to the amount to which the spouse is entitled under section 633.211 or 633.212 . . . .

(Emphasis added.) Iowa Code section 633.350 provides:

> Except as otherwise provided in this probate code, when a person dies, the title to the person's property, real and personal, passes to the person to whom it is devised by the person's last will, or, in the absence of such disposition, to the persons who succeed to the estate as provided in this probate code, but all of the property shall be subject to the possession of the personal representative as provided in section 633.351 and to the control of the court for the purposes of administration, sale, or other disposition under the provisions of law, *and such property, except homestead and other exempt property, shall be chargeable with the payment of debts and charges against the estate.*

(Emphasis added.) The estate contends "homestead and other exempt property" is limited to property defined as homestead in section 561.1 and property exempt from execution under section 627.6.

To advance its argument that section 633.211 does not exclude real property from the decedent's estate, the estate proposes an alternative construction of the language in section 633.211(1) and (3). The estate correctly observes section 633.211(1) is actually silent as to whether real property is subject to the decedent's debts, making no mention of the decedent's debts. According to the estate, section 633.211(3)'s declaration that the surviving spouse receives personal property "*which is not necessary for the payment of debts and charges*" and section 633.211(1)'s unqualified real property language does not imply section 633.211(1) real property is free from the estate's debts and charges, but only that the legislature intended the estate to first satisfy its debts and charges from nonexempt personal property before turning to nonhomestead real property. We must interpret this complex, interconnected set of probate provisions.

Our goal in interpreting statutes is to determine legislative intent. *In re Conservatorship of Alessio*, 803 N.W.2d 656, 661 (Iowa 2011). "When construing a statute, we 'must be mindful of the state of the law when it was enacted and seek to harmonize the statute, if possible, with other statutes on the same subject matter.'" *Judicial Branch v. Iowa Dist. Ct.*, 800 N.W.2d 569, 576 (Iowa 2011) (quoting *State v. Dann*, 591 N.W.2d 635, 638 (Iowa 1999)).

> "[S]tatute[s] should be construed as to give meaning to all of them, if this can be done, and each statute should be afforded a field of operation. So, where the enactment of a series of statutes results in confusion and consequences which the legislature may not have contemplated, the courts must construe the statutes to reflect the obvious intent of

the legislature and permit the practical application of the statutes."

*Id.* at 576–77 (quoting *Nw. Bell Tel. Co. v. Hawkeye State Tel. Co.*, 165 N.W.2d 771, 774–75 (Iowa 1969)); *see also Thoms v. IPERS*, 715 N.W.2d 7, 13 (Iowa 2006) ("We interpret statutes by considering them as a whole, not by looking at isolated parts of the statute.").

Based on the statutory language, precedent, and legislative history, we hold the legislature intended the surviving spouse's statutory dower interest in real property to be free and clear of the estate's debts and charges.

**B. Interpreting the Applicable Statutes.** Section 633.350 states, "property, except homestead and other exempt property, shall be chargeable with the payments of debts and charges against the estate." This language does not define what property is deemed to be exempt. We must look to other provisions to determine what is exempt. One such provision is section 633.211(1). Section 633.218 addresses the procedure by which a surviving spouse selects property for her statutory share. Its introductory clause, "[a]fter such [appraisal] proceedings, and after payment of debts and charges," is merely a timing mechanism stating when the selection should occur and does not substantively define what statutory dower property is exempt from payment of the debts and charges of the decedent's estate.

Section 633.211, which defines the dower interest, is controlling. *See* Iowa Code § 4.7 (special provision controls as exception to general provision). Section 633.211 specifically provides the surviving spouse "shall receive . . . [a]ll the value of all the legal or equitable estates in real property," "[a]ll personal property . . . exempt from execution," and "[a]ll other personal property of the decedent which is not necessary for the

payment of debts and charges." The legislature expressly subjected nonexempt personal property to the payment of debts and charges of the decedent's estate, while making no such qualification for real estate or exempt personal property. Reading the provisions together demonstrates the legislature's intent that the surviving spouse takes her statutory dower interest in real estate free and clear of the decedent's debts. *See State v. Beach*, 630 N.W.2d 598, 600 (Iowa 2001) (noting legislative intent is expressed by omission as well as by inclusion of statutory terms). If the legislature intended to subordinate the surviving spouse's real property interest to the decedent's debts, it would have expressly said so, as it did in subpart 3 with nonexempt personal property. Our conclusion is buttressed by caselaw and the legislature's lengthy silence in the face of the court decisions supporting Maureen's position.

1. *Statutory dower precedent.* While the interplay between these specific statutory provisions is an issue of first impression, this court has previously resolved priority disputes between a spouse's statutory dower interest and an estate's debts. In *Mock v. Watson*, "[t]he sole question presented [was whether] the interest of a widow in the lands of her deceased husband [were] subject to debts against the estate, or [were] to be set apart before payment of debts." 41 Iowa 241, 243 (1875). We reasoned that at common law the wife's dower interest attaches at seisin and marriage, and once the husband dies, the dower interest vests and is removed from the husband's estate. *Id.* at 245. The court noted the legislature repealed the common law dower estate, but found the applicable statutory provisions required the same result. *Id.*; *see also Thomas v. Thomas*, 73 Iowa 657, 659, 35 N.W. 693, 694 (1887) ("The dower of the widow is not subject to the debts of her deceased husband, and is to be set apart without reference thereto."); *Kendall v. Kendall*, 42

Iowa 464, 466 (1876) (finding "that under present law the widow is entitled to [her statutory dower share] regardless of the claims of creditors"). This precedent follows the "general rule" that, absent contrary statutory provisions, decedent's "creditors are . . . subordinate to [the surviving spouse's] claim for dower." 28 C.J.S. *Dower & Curtesy* § 42, at 135 (2008).

In *Mock*, the applicable statutory dower provision was Iowa Code section 2440 (1873), which is remarkably similar to today's section 633.211. 41 Iowa at 244. The 1873 provision read:

> One-third in value of all the legal or equitable estates in real property, possessed by the husband at any time during the marriage, which have not been sold on execution, or any other judicial sale, and to which the wife has made no relinquishment of her right, shall be set apart as her property in fee simple.

Iowa Code § 2440 (1873). Section 633.211 provides the surviving spouse a dower interest in all real estate rather than one-third of the real estate, but otherwise its language closely tracks the 1873 provision.

For over a century the law has deemed the surviving spouse's statutory dower interest to be free from the decedent's debts. " '[W]e often infer legislative assent to our precedents from prolonged legislative silence.' " *In re Estate of Vajgrt*, 801 N.W.2d 570, 574 (Iowa 2011) (quoting *McElroy v. State*, 703 N.W.2d 385, 395 (Iowa 2005)). Stare decisis also has greater importance when " 'the construction placed on a statute by previous decisions has been long acquiesced in by the legislature.' " *Id.* (quoting *Iowa Dep't of Transp. v. Soward*, 650 N.W.2d 569, 574 (Iowa 2002)). The plain language of section 633.211 continues to embrace this principle by awarding all real property to the surviving spouse while expressly providing the surviving spouse's right to nonexempt property is subject to the decedent's debts. Nonetheless, the

estate contends the legislature overturned this venerable case law when it recodified the probate code in 1964. *See* 1963 Iowa Acts ch. 326.

The 1964 Iowa Probate Code sought to create a comprehensive code that filled "previous voids in the Iowa law and . . . facilitate[d] the planning and administration of modern estates." Willard L. Boyd, *Symposium on the New Iowa Probate Code: Foreword*, 49 Iowa L. Rev. 633, 633 (1964). A contemporaneous commentator noted "section [633.]211 retains the statutory or 'dower' share as provided by the prior statute" and that the surviving spouse is still entitled to "one third in value of the real estate free of debts and charges." Shirley A. Webster, *Decedents' Estates: Succession and Administration*, 49 Iowa L. Rev. 638, 647–48 (1964). More recently, a respected commentator wrote that "debts which are not secured by intestate's real property and general charges of the estate are ignored" when determining the intestate surviving spouse's real property share. I Sheldon F. Kurtz, *Kurtz on Iowa Estates* § 3.4, at 98 (3d ed. 1995).

By contrast, the Uniform Probate Code of 1969 (UPC), adopted by sixteen states,[1] differs dramatically by limiting the amount of the dower protected from the estate's creditors. Under the UPC, the intestate surviving spouse may only exempt $32,500—$22,500 in homestead value and $10,000 in exempt personal property—from the estate's unsecured creditors. *See* Unif. Probate Code §§ 2–102, 2–402, 2–403 (amended 2008), 8 U.L.A. 36–37, 96–97 (Supp. 2011). The UPC was promulgated over forty years ago. The Iowa legislature has selectively incorporated several provisions from the UPC into our state's probate code. *See, e.g.,* Iowa Code §§ 633.238 (including assets in revocable

---

[1]*See* 8 U.L.A. 1 for list of states adopting the UPC and the corresponding state statutes.

trusts as part of the surviving spouse elective share as provided in UPC section 2–205, 2005 Iowa Acts ch. 38, § 14), 633.276 (tracking language in UPC section 2–513 allowing wills to incorporate written lists detailing bequests for tangible personal property, 1981 Iowa Acts ch. 195, § 2). Significantly, however, our legislature never adopted the UPC's dower provision. To the contrary, in 1985, it expanded the dower share from one-third of real estate to all real estate. 1985 Iowa Acts ch. 19, § 1.

We can determine legislative intent from selective enactment or divergence from uniform acts. *See State v. One Certain 1982 Honda Auto.*, 353 N.W.2d 90, 92 (Iowa 1984) (holding the legislature's divergence from a specific provision in the Uniform Controlled Substance Act demonstrates it intended a different result); *Ipalco Emps. Credit Union v. Culver*, 309 N.W.2d 484, 487 (Iowa 1981) (holding legislative deviation from the Uniform Consumer Credit Code shows intent to reach a different result). We presume the Iowa legislature was aware of, but declined to follow, the UPC's dower provision because it chose to shield the dower interest in all real estate from the estate's creditors.

2. *Section 633.350.* The estate's reliance on section 633.350 is misplaced. The provision's primary purpose is to articulate the rule of law that title to the decedent's real and personal property passes immediately to the devisee or intestate heir, subject to defeasance by the personal representative for purposes of administration, sale, or other disposition under applicable provisions of law. *DeLong v. Scott*, 217 N.W.2d 635, 637 (Iowa 1974). Notably, this rule of law is not new, but "has long been established" in this state. *Id.*; *see also In re Smith's Estate*, 240 Iowa 499, 511, 36 N.W.2d 815, 822 (1949) ("Title to the real estate passed instantly on the death of the intestate to the statutory distributees . . . subject to defeasance or diminution in the payment of

valid and subsisting obligations of the estate, or other proper administration needs. We have repeatedly so held.").

The legislature in enacting the provision in 1964 expressly explained the provision only sought to "codif[y] the present Iowa rule with respect to title upon death in the case of real estate and adopts the same rule with respect to personalty." S.F. 165, 58th G.A., Reg. Sess. (Iowa 1963). The legislature did not intend section 633.350 to create new legal principles that disrupt our state's traditional probate scheme; it only sought to codify existing law.

As discussed above, at the time section 633.350 was enacted, our caselaw had long established that the spouse's statutory dower interest in real estate takes free of the debts of the decedent's estate. It would be counterintuitive to construe section 633.350's codification of our "long . . . established" title law to disrupt our long-settled precedent on dower. *DeLong*, 217 N.W.2d at 637. The provision should not be construed as defining all property exempt from the personal administrator's defeasance. The exemptions are spelled out in other provisions, including section 633.211(1), for the dower interest in real estate.

Further, the estate's position hinges upon its unsupported assertion that "homestead and other exempt property" in section 633.350 encompasses only homestead land under section 561.1 and personal properly exempt from execution under section 627.6. The problem with the estate's position is that the phrase "other exempt property" is broader than property "exempt from execution." If the legislature intended a narrow definition limited to property exempt from execution, presumably it would have used those words or referenced section 627.6. Instead, the legislature stated "other exempt property" is free and clear of the estate's

debts and charges. We do not believe the legislature intended section 633.350 to define what property is exempt.

Section 633.351 also shows section 633.350's "other exempt property" includes property in addition to homestead and personal property exempt from execution. Section 633.351's first sentence applies only to real property and refers to "the homestead and other property exempt to the surviving spouse."[2] This language recognizes the probate code exempts to the surviving spouse nonhomestead real property, such as the dower interest codified in section 633.211. *See* Iowa Code § 633.351 (2009).

Finally, section 633.350 is a more general provision, applicable to both testate and intestate estates concerning title transfer and the personal representative's ability to control property; by contrast, section 633.211 specifically identifies the property an intestate surviving spouse "shall receive." To the extent "there is a conflict or ambiguity between specific and general statutes, the provisions of specific statutes control." *Goergen v. State Tax Comm'n,* 165 N.W.2d 782, 787 (Iowa 1969); *see also* Iowa Code § 4.7; *Griffin Pipe Prods. Co. v. Bd. of Review,* 789 N.W.2d 769, 775 (Iowa 2010). As Maureen points out, section 633.350 also begins with the caveat that it applies "[e]xcept as otherwise provided in this probate code." The legislature realized other, more specific probate provisions qualified the language of section 633.350 and clarified that section 633.350 deferred to these provisions. Section 633.211

---

[2]Iowa Code § 633.351 states in part:

> If there is no distributee of the *real estate* present and competent to take possession, or if there is a lease of such *real estate* outstanding, or if the distributees present and competent consent thereto, the personal representative shall take possession of such *real estate, except the homestead and other property exempt to the surviving spouse.*

(Emphasis added.)

specifically governs an intestate surviving spouse's statutory dower share. This further demonstrates the legislature intended section 633.211, not section 633.350, to define the surviving spouse's statutory dower share. It makes sense the legislature would prescribe statutory dower interest priority rules in its statutory dower provision, rather than concealing those important rules in a general provision relating to the administration of estate property.

3. *Section 633.218.* The estate also relies upon Iowa Code section 633.218, which governs the surviving spouse's right to select property for her statutory dower share. The provision states:

> After such [appraisal] proceedings, and *after payment of debts and charges,* the surviving spouse shall have the right to select from the property so appraised, at its appraised value thus fixed, property equal in value to the amount to which the spouse is entitled under section 633.211 or 633.212 which selection shall be in writing filed with the clerk of court.

Iowa Code § 633.218 (emphasis added). The estate argues the phrase "and after payment of debts and charges" requires the surviving spouse's statutory dower interest in real property to be subject to the estate's debts and charges. We find the estate overstates the clause's effect and the provision can be harmonized with section 633.211.

The operative language of section 633.218 is not its introductory clause, but its command that "the surviving spouse shall have the right to select from the property so appraised" and its procedure for selecting the property. Section 633.218 is a procedural provision prescribing how a surviving spouse selects among property when the applicable statutory dower interest in sections 633.211 and 633.212 do not entitle the surviving spouse to all of the decedent's property. *See id.* § 633.212 (providing "[o]ne-half in value of all the legal or equitable estates in real

property," and "[o]ne-half [in value] of all other personal property of decedent" to a surviving spouse who does not share the same children with the decedent). The introductory clause, "[a]fter such proceedings, and after payment of debts and charges," is merely qualifying language indicating the selection process occurs after these events. *Id.* § 633.218. The clause does not substantively define what debts and charges are to be paid, nor does it modify the substantive property rights the dower provisions in sections 633.211 and 633.212 provide the surviving spouse.

The estate's argument proves too much. The clause in section 633.218, "after payment of debts and charges," does not contain any substantive limitation. If the clause is construed to trump section 633.211(1) and subordinate the surviving spouse's statutory dower right in real property to the estate's debts and charges, then the clause must also subject the spouse's remaining property interests in sections 633.211 and 633.212 to the estate's debts and charges. Sections 633.211(2) and 633.212(2) provide a surviving spouse with "[a]ll personal property . . . exempt from execution." It would be illogical to construe section 633.218 as subordinating personalty exempt from execution to the estate's debts and charges.

In 1875, we construed a statutory dower provision, remarkably similar to section 633.211, as providing the surviving spouse with a real property interest free and clear of the estate's debts and charges. *Mock*, 41 Iowa at 243. The legislature has long acquiesced in that priority. Section 633.211(1) expressly grants the surviving spouse "[a]ll . . . real property possessed by the decedent." By contrast, the dower interest in personal property is subject to "the payments of debts and charges"— limiting language inapplicable to real estate. We reject the estate's

interpretation of the probate code as it creates conflict among sections 633.211, 633.218, and 633.350. Our interpretation harmonizes and gives effect to each of these provisions. We hold section 633.211(1) provides a surviving spouse an interest in real estate free and clear of the debts and charges of the decedent's estate. Accordingly, Maureen is entitled to any surplus from the foreclosure sale.

## V. Conclusion.

The district court correctly concluded Freedom Financial's purchase-money mortgage had priority over Maureen's statutory dower interest and all other claims, but erred in awarding the sale surplus to the estate. Maureen is entitled to the surplus from the sale of the Ankeny real estate free and clear of the estate's other debts and obligations. We remand for further proceedings consistent with this opinion.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.**

All justices concur except Mansfield, J., who takes no part.